## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEREMY RAYMO, et al., on behalf of themselves and all others similarly situated, | Case No.: 2:17-cv-12168 |
| | Hon. Terrence G. Berg |
| Plaintiffs, | Mag. Judge Stephanie Dawkins Davis |
| v. | |
| FCA US LLC, a Delaware corporation, and CUMMINS INC., an Indiana corporation, | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Jeremy Raymo, Forrest Poulson, Gary Gaster, Brendon Goldstein, Manuel Pena, John Reyes, Dennis Kogler, Clarence "Todd" Johnson, Stephen Zimmerer, Justin Sylva, Ian Hacker, Jason Gindele, James Blount, Luke Wyatt, Chris Wendel, Darin Ginther, and Matt Baffunno (collectively, "Plaintiffs"), on behalf of themselves and the proposed Class, respectfully move the Court for (1) preliminary approval of the proposed Class Action Settlement ("Settlement" or "Settlement Agreement")[1] entered into with Defendant Cummins, Inc. ("Defendant"

---

[1] Plaintiffs have agreed to the Settlement. In the interest of expediency, the Settlement Parties have agreed that Plaintiffs' signatures need not be included in the Settlement Agreement at this time, but that their signatures will be included when Plaintiffs seek final approval of the Settlement. Instead, Interim Co-Lead Class Counsel have signed the Settlement Agreement on Plaintiffs' behalf.

or "Cummins"), as set forth in the Settlement Agreement, attached as Exhibit 1;[2] (2) preliminary certification of the proposed Settlement Class, for settlement purposes only; (3) preliminary appointment of Hagens Berman Sobol Shapiro LLP, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Seeger Weiss LLP, and The Miller Law Firm, P.C. as Class Counsel; (4) approval of the form and content of, and distribution of, the proposed Class Notice, and authorization for the Settlement Parties to retain JND Legal Administration as Settlement Administrator; and (5) a Final Approval Hearing to be scheduled not earlier than one hundred and eighty (180) days after Preliminary Approval is granted.

Pursuant to Local Rule 7.1, Plaintiffs have conferred with Defendants regarding the proposed motion: Defendant Cummins agrees and Defendant FCA reserves its right to oppose.

WHEREFORE, for the reasons set forth in the accompanying Memorandum, Plaintiffs respectfully request that this Court grant their Unopposed Motion for Preliminary Approval of Class Action Settlement and the other relief requested herein.

---

[2] Plaintiff Jeremy Batey is named in the current complaint and settlement agreement but will not be a signatory to the agreement or proposed as a class representative.

Dated: October 3, 2022

Respectfully submitted,

By: */s/ Steve W. Berman*
    Steve W. Berman
Jerrod C. Patterson
Garth Wojtanowicz
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: jerrodp@hbsslaw.com
Email: garthw@hbsslaw.com

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM PC
950 W. University Dr., Ste. 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
Email: epm@millerlawpc.com
Email: ssa@millerlawpc.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
Email: cseeger@seegerweiss.com

James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: JCecchi@carellabyrne.com

*Attorneys for Plaintiffs*

010684-11/2042960 V1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEREMY RAYMO, et al., on behalf of themselves and all others similarly situated, | Case No.: 2:17-cv-12168 |
| | Hon. Terrence G. Berg |
| Plaintiffs, | Mag. Judge Stephanie Dawkins Davis |
| v. | |
| FCA US LLC, a Delaware corporation, and CUMMINS INC., an Indiana corporation, | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES PRESENTED .............................................................. vi

STATEMENT OF MOST CONTROLLING AUTHORITY .............................. viii

I.    INTRODUCTION ........................................................................................ 1

II.   PROCEDURAL HISTORY ......................................................................... 2

III.  FACTUAL BACKGROUND....................................................................... 3

IV.   THE SETTLEMENT AGREEMENT AND TERMS................................... 3

    A.   The Proposed Settlement Class ........................................................... 3

    B.   The Relief and Settlement Consideration ........................................... 4

    C.   Release of Claims ............................................................................... 5

    D.   Settlement Notice and Right to Opt Out .............................................. 5

    E.   Class Counsel Fees and Expenses and Plaintiffs' Service
        Awards................................................................................................ 7

V.    THE SETTLEMENT CLASS SHOULD BE PRELIMINARILY
    CERTIFIED ................................................................................................. 7

    A.   The Settlement Class Satisfies the Requirements of
        Rule 23(a) ........................................................................................... 8

    B.   The Settlement Class May be Properly Certified Under
        Rule 23(b)(3) ...................................................................................... 9

        1.   This Action may be certified under Rule 23(b)(3) ................... 9

                a.   Common issues of fact and law predominate............... 10

                b.   A class action is a superior method of
                     adjudication................................................................... 11

VI.   THE PROPOSED SETTLEMENT SATISFIES THE STANDARD
    FOR PRELIMINARY APPROVAL .......................................................... 12

A.   There is No Fraud or Collusion ........................................................ 14

B.   The Complexity, Expense, and Likely Duration of the
     Litigation Favor Approval .............................................................. 14

C.   The Amount of Discovery Engaged in by the Settlement
     Parties Favors Approval ................................................................. 15

D.   The Likelihood of Success on the Merits Favors Approval ............. 15

E.   Experienced Class Counsel's Opinions Favor Approval ................. 17

F.   The Settlement is Fair to Absent Class Members ............................ 17

G.   The Settlement is Consistent with the Public Interest ..................... 18

VII.    THE COURT SHOULD APPOINT CLASS COUNSEL ........................... 18

VIII.   THE FORM AND MANNER OF NOTICE ARE PROPER ..................... 20

IX.    CONCLUSION ............................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997)................................................................7, 8, 10, 12

*Bautista v. Twin Lakes Farms, Inc.,*
    2007 WL 329162 (W.D. Mich. Jan. 31, 2007)..................................13

*Beattie v. CenturyTel, Inc.,*
    234 F.R.D. 160 (E.D. Mich. 2006) ......................................................9

*Beattie v. CenturyTel, Inc.,*
    511 F.3d 554 (6th Cir. 2007) .............................................................10

*Bobbit v. Acad. of Court Reporting, Inc.,*
    252 F.R.D. 327 (E.D. Mich. 2008) ....................................................12

*In re Cardizem CD Antitrust Litig.,*
    218 F.R.D. 508 (E.D. Mich. 2003) ..............................................16, 18

*Daffin v. Ford Motor Co.,*
    458 F.3d 549 (6th Cir. 2006) .........................................................8, 11

*Daoust v. Maru Rest., LLC,*
    2019 WL 1055231 (E.D. Mich. Feb. 2, 2019)...............................8, 20

*Franks v. Kroger Co.,*
    649 F.2d 1216 (6th Cir. 1981) ...........................................................13

*Griffin v. Flagstar Bancorp, Inc.,*
    2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ................................13

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of*
    *Am. v. Gen. Motors Corp.,*
    497 F.3d 615 (6th Cir. 2007) ...........................................7, 8, 12, 13

*Int'l Union v. Ford Motor Co.,*
    2006 WL 1984363 (E.D. Mich. July 13, 2006)................................16

*IUE-CWA v. Gen. Motors Corp.*,
  238 F.R.D. 583 (E.D. Mich. 2006) ......................................................15

*Keegan v. Am. Honda Motor Co.*,
  284 F.R.D. 504 (C.D. Cal. 2012)..........................................................11

*In re Packaged Ice Antitrust Litig.*,
  2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) ...................................16

*Rankin v. Rots*,
  2006 WL 1876538 (E.D. Mich. June 27, 2006) ...................................17

*In re Rio Hair Naturalizer Prods. Liab. Litig.*,
  1996 WL 780512 (E.D. Mich. Dec. 20, 1996) .....................................17

*Robinson v. Ford Motor Co.*,
  2005 WL 5253339 (S.D. Ohio June 15, 2005).....................................13

*Rutherford v. City of Cleveland*,
  137 F.3d 905 (6th Cir. 1998) .................................................................9

*Senter v. Gen. Motors Corp.*,
  532 F.2d 511 (6th Cir.) ..........................................................................8

*In re Telectronics Pacing Sys., Inc.*,
  137 F. Supp. 2d 985 (S.D. Ohio 2001) ....................................13, 14, 16

*In re U.S. Foodservice Inc. Pricing Litig.*,
  729 F.3d 108 (2d Cir. 2013) .................................................................12

*Vassalle v. Midland Funding LLC*,
  2014 WL 5162380 (N.D. Ohio Oct. 14, 2014)....................................13

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
  722 F.3d 838 (6th Cir. 2013) ...............................................................11

*Williams v. Vukovich*,
  720 F.2d 909 (6th Cir. 1983) .........................................................12, 13

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010) .............................................................11

- iv -

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 ...............................................................................*passim*

2 William B. Rubenstein, NEWBERG ON CLASS ACTIONS, § 4.74 (5th
ed. 2020) ...........................................................................................12

010684-11/2042960 V1

## STATEMENT OF ISSUES PRESENTED

Whether Plaintiffs' settlement with Cummins, Inc. ("Cummins"), embodied in the Settlement Agreement (attached as Exhibit 1), is fair, reasonable, and adequate and should be preliminarily approved?

Suggested Answer: Yes.

1.     Whether the Court should provisionally certify the Settlement Class as it is defined herein under Federal Rules of Civil Procedure 23(a) and 23(b)(3)? Suggested Answer: Yes.

2.     Whether the Court should appoint Hagens Berman Sobol Shapiro LLP; Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.; Seeger Weiss LLP; and The Miller Law Firm, P.C. where they have extensive experience in class action litigation and exhaustive resources to ensure the matter is prosecuted efficiently and effectively?

Suggested Answer: Yes.

3.     Whether the Court should grant preliminary approval of the Settlement Parties' proposed Class Action Settlement Agreement where federal policy favors settlement of class actions; the Settlement Parties negotiated the proposed settlement at arm's-length and in good faith; and the settlement reflects a fair, adequate, and reasonable resolution to the dispute?

Suggested Answer: Yes.

4.      Whether the Court should approve the Settlement Parties' proposed notices to Class Members where they fairly and fully apprise the prospective Members of the Class of the terms proposed in the settlement, the reasons for the settlement, the legal effect of the settlement, and provide Class Members with an opportunity to lodge objections and/or opt out?

Suggested Answer: Yes.

5.      Whether the Court should set a date for a fairness hearing to consider any objections to the proposed settlement?

Suggested Answer: Yes.

## STATEMENT OF MOST CONTROLLING AUTHORITY

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)

*Beattie v. CenturyTel, Inc*., 234 F.R.D. 160 (E.D. Mich. 2006)

*Beattie v. CenturyTel, Inc*., 511 F.3d 554 (6th Cir. 2007)

*In re Cardizem CD Antitrust Litig*., 218 F.R.D. 508 (E.D. Mich. 2003)

*Daffin v. Ford Motor Co*., 458 F.3d 549 (6th Cir. 2006)

*Daoust v. Maru Rest., LLC*, 2019 WL 1055231 (E.D. Mich. Feb. 2, 2019)

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp*., 497 F.3d 615 (6th Cir. 2007)

*IUE-CWA v. Gen. Motors Corp*., 238 F.R.D. 583 (E.D. Mich. 2006)

*In re Packaged Ice Antitrust Litig*., 2011 WL 6209188 (E.D. Mich. Dec. 13, 2011)

*In re Rio Hair Naturalizer Prods. Liab. Litig*., 1996 WL 780512 (E.D. Mich. Dec. 20, 1996)

*Senter v. Gen. Motors Corp*., 532 F.2d 511 (6th Cir.)

*In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985 (S.D. Ohio 2001)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig*., 722 F.3d 838 (6th Cir. 2013)

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983)

## I.     INTRODUCTION

Plaintiffs and Cummins (collectively, the "Settlement Parties ") have reached a proposed Settlement resolving all allegations against Cummins that Cummins and FCA US LLC ("FCA") defrauded consumers by developing, advertising, and selling Model Year 2013 to 2017 Dodge Ram 2500 and 3500 trucks with a Cummins 6.7-liter diesel engine (the "Trucks") with a Selective Catalytic Reduction System that did not perform as advertised and failed to disclose two material defects in the Trucks, namely a "washcoat defect" and "flash defect," as described in the First Amended Class Action Complaint ("FAC"). Nothing in the proposed Class Settlement resolves any of Plaintiffs' claims against FCA and Plaintiffs are continuing their litigation against FCA.

The Settlement Parties have participated in a formal mediation session (on April 12, 2022) with the assistance of experienced mediator Judge Morton Denlow (Ret.) and engaged in numerous follow-up negotiations via email and by telephone to reach the proposed Class Settlement agreement.

As a result of those negotiations, Plaintiffs have achieved a settlement that will provide substantial relief to the Class and allow their claims against FCA to continue. The benefits the Class Members will receive as a result of this Settlement are eminently fair, reasonable, and adequate, especially when compared to

settlements in similar cases and in light of the significant risks posed by continued litigation.

In particular, pursuant to the Settlement Agreement and discussed in greater detail below, Class Members will receive a pro rata share of the $3,900,000 Net Settlement Fund. *See* Section IV.B, *infra*. This is an exceptional result for the Class, which seeks compensation for past harm they have suffered due to the Defect.

Accordingly, the Settlement satisfies all the prerequisites for preliminary approval. For these reasons stated more fully below, Plaintiffs respectfully request that the Court grant preliminary approval of the Settlement and enter the proposed Preliminary Approval Order.

## II.   PROCEDURAL HISTORY

Plaintiffs filed a Class Action Complaint on July 3, 2017, and the FAC on October 4, 2018. On July 30, 2020, the Court entered an Order granting in part and denying in part Cummins and FCA's motions to dismiss the FAC, in which the Court dismissed without prejudice (1) Plaintiffs' claims against FCA and Cummins for violations of the RICO and MMWA statutes, (2) Plaintiffs' state law claims for breach of contract in all states, (3) Plaintiffs' claims for unjust enrichment asserted under the laws of California and Texas, (4) Plaintiffs' claims for fraudulent omission in all states, and (5) Plaintiffs' claims for violations of state consumer protection statutes in all states.

- 2 -

The Court preserved claims for unjust enrichment under Alabama, Colorado, Florida, Georgia, Idaho, Kentucky, Michigan, Mississippi, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Utah, Virginia, and Washington state law, and also preserved Plaintiffs' state law claims against FCA and Cummins for affirmative representation to the extent they do not rest on alleged misrepresentations specifically found by the Court in its July 30, 2020 Order to be puffery or otherwise non-actionable.

### III.   FACTUAL BACKGROUND

Plaintiffs have alleged that the Class Vehicles contain a Washcoat Defect, which, in simple terms, degraded the performance of the vehicles' emissions controls, leading to emissions in excess of federal standards, and forcing vehicles into "limp mode," creating safety risks and out of pocket expenses. Plaintiffs also allege a Flash Defect, which involved a "flash" update to the vehicles' computer systems that caused a significant reduction in fuel economy. Plaintiffs allege that despite knowledge of the defects, Defendants continued to market and sell the vehicles as low emissions trucks that met the relevant federal emissions standards.

### IV.   THE SETTLEMENT AGREEMENT AND TERMS

#### A.   The Proposed Settlement Class

Plaintiffs seek to certify the following Class for Settlement purposes only:

> All persons and entities who purchased or leased a new 2013, 2014, or 2015 Dodge Ram 2500 or 3500 truck with Cummins Diesel between November 26, 2014 and July 13,

> 2016 in the following states: Alabama, California, Colorado, Florida, Georgia, Idaho, Kentucky, Michigan, Mississippi, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Utah, Virginia, and Washington.

*See* Settlement Agreement, § II.A.5. The Settlement Parties estimate that approximately at least 17,705 Class Vehicles were sold in the relevant states.

Excluded from the Settlement Class are: Cummins and FCA; any affiliate, parent, or subsidiary of Cummins or FCA; any entity in which Cummins or FCA has a controlling interest; any officer, director, or employee of Cummins or FCA; any successor or assign of Cummins or FCA; and any judge to whom this Action is assigned, and his or her spouse; individuals and/or entities who validly and timely opt out of the settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or junkyard vehicles) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicles that previously released their claims in an individual settlement with Cummins with respect to the issues raised in the Action.

## B.   The Relief and Settlement Consideration

The Settlement provides substantial relief to the Settlement Class. The relief—which includes all states with surviving claims—shall be divided pro rata, with no claim forms required. The Settlement also includes direct notice, paid from the Settlement Fund, of the Defect and the rights of Class Members. Specifically, the Settlement provides that within ten business days of Preliminary Approval,

- 4 -

Cummins will deposit $500,000.00 into an escrow account to form the Settlement Fund, which will be used to cover the costs of notice to the Class and related administrative expenses. Within ten business days of Final Approval, Cummins will deposit the remaining $3,400,000.00 to complete the Settlement Fund. All administration expenses, including notice to the Class Members of the proposed Settlement, shall be paid from the Class Settlement Fund.

**C.     Release of Claims**

As set forth in the Settlement Agreement, in exchange for the above relief, Plaintiffs and the Settlement Class will release Cummins from liability for all claims arising out of this litigation and the facts or circumstances that were or could have been alleged in the litigation.

**D.     Settlement Notice and Right to Opt Out**

The Settlement Parties shall obtain from remaining defendant FCA a list of all available names and mailing address information for original and subsequent purchasers and lessors of each Class Vehicle, along with those Class Vehicles' Vehicle Identification Numbers ("VINs"), which the Settlement Parties shall provide to the Settlement Administrator. Following the Court granting preliminary approval of the Settlement, the Settlement Administrator will provide by direct U.S. Mail, to all reasonably identifiable Class Members, a notice substantially in the form of Exhibit 3 (Ex. 4 to the Settlement Agreement). The Settlement Administrator will

- 5 -

also set up and maintain a settlement website where Class Members can access a "Long-Form Notice," substantially in the form of Exhibit 2 (Ex. 2 to the Settlement Agreement), a copy of the Settlement Agreement, the operative complaint, and additional information about the Action and Settlement. The Short-Form Notice will include the address of the settlement website, and the Settlement Administrator shall provide a paper copy of the Long-Form Notice to any individual who requests it.

Any Class Member may make a request for exclusion by submitting a request in writing as set forth in the Notice. The deadline for submitting such request will be specified in the Court's preliminary approval order. Any request for exclusion shall:

(i)    state the Class Member's full name and current address;

(ii)   provide the model year and VIN of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease; and

(iii)  specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Class.

The Class Action Settlement Administrator shall promptly report any requests for exclusion, objections, and/or related correspondence to the Settlement Parties, and the Settlement Administrator shall file with the Court a document detailing the scope, method, and results of the notice program along with a list of those persons who have opted out or excluded themselves from the Settlement not less than thirty days prior to the Final Approval Hearing.

010684-11/2042960 V1

**E.     Class Counsel Fees and Expenses and Plaintiffs' Service Awards**

Plaintiffs intend to file a motion for attorneys' fees and expenses prior to the final approval hearing. The Settlement Parties have agreed that Class Counsel may apply to the Court for attorneys' fees and expenses, inclusive of costs, for an amount not to exceed 30% of the Settlement Fund without opposition from Cummins. Further, the Settlement Parties have agreed that Class Counsel may request Service Awards of $5,000.00 each of the Class Representatives.

**V.     THE SETTLEMENT CLASS SHOULD BE
PRELIMINARILY CERTIFIED**

In connection with granting preliminary approval of the Settlement, the Court should preliminarily certify the Settlement Class as defined above for the purposes of settlement.

A proposed settlement class must satisfy the requirements of Rule 23. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007) ("*UAW*"). To be entitled to class certification, a plaintiff must satisfy each of Rule 23(a)'s four prerequisites to class certification: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation. *See* Fed. R. Civ. P. 23(a). In addition, the proposed class must meet one of the three requirements of Rule 23(b). *See id.* That the Settlement Parties have reached a settlement in this matter is a relevant consideration in the class-certification analysis. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619

- 7 -

(1997). Indeed, "courts should give weight to the parties' consensual decision to settle class action cases, because that law favors settlement in class action suits." *Daoust v. Maru Rest., LLC*, 2019 WL 1055231, at *1 (E.D. Mich. Feb. 2, 2019)[3] (granting preliminary approval of class action settlement); *see also Amchem*, 521 U.S. at 620 (when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial").

### A.   The Settlement Class Satisfies the Requirements of Rule 23(a)

The proposed Settlement Class meets Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *See Senter v. Gen. Motors Corp.*, 532 F.2d 511 (6th Cir.), *cert. denied*, 429 U.S. 870 (1976); *UAW*, 497 F.3d at 626. The Class, consisting of the current and former owners and lessees of at least 17,705 Class Vehicles, is "so numerous that joinder of all members is impracticable." *See* Fed. R. Civ. P. 23(a)(1).

Common issues of fact and law are present because the Class's causes of action all flow from the same common defect. *See Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006) (affirming finding of commonality based on an alleged uniform design defect in vehicles). These common issues include whether the Washcoat Defect and/or the Flash Defect exists in the Class Vehicles, and whether Cummins was aware of the Defects. Typicality is similarly satisfied because the

Settlement Class's claims all arise from the same course of conduct and the common Defects. *See Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 169 (E.D. Mich. 2006) (finding typicality to be satisfied where the plaintiffs' claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members") (citation omitted).

Finally, Plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs have common interests with other Class Members and have vigorously prosecuted the interests of the Class through qualified counsel. *Rutherford v. City of Cleveland*, 137 F.3d 905 (6th Cir. 1998). There is no conflict between Plaintiffs and any member of the Settlement Class. Rather, Plaintiffs should be applauded for their efforts in obtaining a successful resolution of this case.

**B.    The Settlement Class May be Properly Certified Under Rule 23(b)(3)**

In addition to the requirements of Rule 23(a), a proposed class must satisfy one of the three alternatives of Rule 23(b). Plaintiffs here seek certification under Rule 23(b)(3).

### 1.    This Action may be certified under Rule 23(b)(3)

Certification under Rule 23(b)(3) is appropriate here. Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.

R. Civ. P. 23(b)(3). These requirements were added "to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem*, 521 U.S. at 615 (quoting Fed. R. Civ. P. 23(b)(3) advisory committee's notes to 1966 Amendment). Both of these requirements are satisfied here.

### a.     Common issues of fact and law predominate.

Rule 23(b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007) (quoting *Amchem*, 521 U.S. at 632). A plaintiff "must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, … predominate over those issues that are subject only to individualized proof.'" *Id.* (citation omitted).

Here, Cummins' common course of conduct with respect to the Defects gives rise to the basis for the claims at bar and demonstrates that common proof, not dependent on any individual Class Member's circumstances, overwhelmingly predominates in this case and weighs determinatively in favor of certification.

The common questions applicable to every Class Member include whether there are Defects, whether Cummins was aware of the existence of the Defects,

- 10 -

whether Cummins concealed the existence of the Defects or made affirmative misrepresentations regarding such Defects, and whether Class Members sustained damages. Courts have routinely found that similar common issues predominate in automotive defect cases. *See, e.g.*, *Daffin*, 458 F.3d at 554; *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010) (common issues predominate such as whether Land Rover was aware of and had a duty to disclose the defect); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 532-34 (C.D. Cal. 2012) (predominance found based on common evidence of the nature of the defect, the defect's impact on vehicle safety, Honda's knowledge, and what Honda disclosed to consumers). Given the uniformity of the Defect and Cummins' conduct, resolution of the Settlement Class's claims is particularly susceptible to adjudication on a collective basis pursuant to Rule 23(b)(3).

### b. A class action is a superior method of adjudication.

Rule 23(b)(3) also requires that Plaintiffs demonstrate that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, class-wide resolution of this action is the superior method of adjudication.

First, the value of the claims is too low to incentivize many Class Members to litigate their claims individually and weighs in favor of concentrating the claims in a single forum. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,

- 11 -

722 F.3d 838, 861 (6th Cir. 2013). This is especially true here, where Settlement Class Members would likely be unable or unwilling to individually shoulder the expense of litigating the claims at issue against a well-funded defendant like Cummins, given the potential limited monetary awards for those Settlement Class Members.

In addition, because the central issues here are common to all Class Members, resolution on a class-wide basis is the most efficient method of resolving the claims. *See* 2 William B. Rubenstein, NEWBERG ON CLASS ACTIONS, § 4.74 (5th ed. 2020) (noting that "a finding of predominance is typically … coupled with a finding that a class is manageable"). Indeed, proceeding as a class action will "achieve significant economies of 'time, effort and expense, and promote uniformity of decision.'" *See In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23(b)(3) advisory committee's notes to 1946 Amendment); *see also Bobbit v. Acad. of Court Reporting, Inc.*, 252 F.R.D. 327, 345 (E.D. Mich. 2008).

## VI.   THE PROPOSED SETTLEMENT SATISFIES THE STANDARD FOR PRELIMINARY APPROVAL

Federal Rule of Civil Procedure 23(e) governs the settlement of class actions. *See* Fed. R. Civ. P. 23(e); *Amchem*, 521 U.S. at 617. Under Rule 23(e), a class settlement must be "fair, reasonable, and adequate." *UAW*, 497 F.3d at 631; *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983). The Sixth Circuit has recognized that "the law generally favors and encourages the settlement of class actions."

*Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981); *UAW*, 497 F.3d at 632 ("we must consider—the federal policy favoring settlement of class actions"); *Vassalle v. Midland Funding LLC*, 2014 WL 5162380, at *6 (N.D. Ohio Oct. 14, 2014), *aff'd sub nom. Pelzer v. Vassalle*, 655 F. App'x 352 (6th Cir. 2016) ("It is axiomatic that the settlement of class-action litigation is favored"); *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013) ("The Sixth Circuit and courts in this district have recognized that the law favors the settlement of class action lawsuits.").

> The Sixth Circuit utilizes seven factors in evaluating class action settlements:

>> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW*, 497 F.3d at 626; *see also Williams*, 720 F.2d at 922-23.

> In considering these factors, courts apply a "strong presumption" in favor of finding a settlement to be fair. *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1008 (S.D. Ohio 2001) ("Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement."); *see also Bautista v. Twin Lakes Farms, Inc.*, 2007 WL 329162, at *5 (W.D. Mich. Jan. 31, 2007); *Robinson v. Ford Motor Co.*, 2005 WL 5253339, at *4 (S.D. Ohio June 15, 2005).

As set forth below, the seven-factor standard supports approval of the Settlement Agreement.

## A.    There is No Fraud or Collusion

The Settlement Parties have at all relevant times been represented by experienced counsel. Class Counsel have significant experience litigating numerous consumer class actions, including automotive defect cases. The Settlement Agreement was achieved only after arm's-length and good faith negotiations between the Settlement Parties with mediator Judge Denlow. As such, there is no indication of fraud or collusion. *In re Telectronics Pacing*, 137 F. Supp. 2d at 1018 (citing NEWBERG ON CLASS ACTIONS § 11.51 (3d ed. 1992)) ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered.").

## B.    The Complexity, Expense, and Likely Duration of the Litigation Favor Approval

The Settlement in this action comes at an opportune time given that, if the litigation continues, there will be substantial additional expense to the Settlement Parties associated with necessary expert discovery, dispositive motion practice, and pre-trial preparations. The Settlement Parties have negotiated at arm's-length early in the litigation preventing the need for a drawn-out multi-year litigation battle that would have consumed thousands of hours in attorney time, millions of dollars in litigation expenses for both Settlement Parties, and delayed relief to the Class. If

litigation continues, for example, the Settlement Parties will engage in extensive fact and expert discovery, including depositions, review of thousands of documents, and future briefing on motions to dismiss, class certification, and summary judgment. Moreover, a trial in this action would be complex given the relevant factual and legal issues involved.

And even if Plaintiffs prevailed at trial, it could be years before any Settlement Class member receives any benefit in light of the likely post-trial motions and appeals to follow. Meanwhile, the Settlement provides substantial relief to the Settlement Class in a prompt and efficient manner. "Whatever the relative merits of the parties' positions, there is no such thing as risk-free, expense-free litigation." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 596 (E.D. Mich. 2006).

## C.   The Amount of Discovery Engaged in by the Settlement Parties Favors Approval

Even though Settlement negotiations began prior to the formal commencement of discovery, Plaintiffs have consulted extensively with their experts and engaged in informal discussion of the Defects with Cummins. This allowed Class Counsel to make informed decisions regarding the terms of the Settlement Agreement and sufficiently assess whether they are fair, reasonable, and adequate.

## D.   The Likelihood of Success on the Merits Favors Approval

When evaluating the reasonableness of a class action settlement, courts consider "the risks, expense, and delay Plaintiffs would face if they continued to

prosecute this complex litigation through trial and appeal and weighs those factors against the amount of recovery provided to the Class in the Proposed Settlement." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). A settlement is generally viewed favorably because it "avoids the costs, delays, and multitudes of other problems associated with them." *See In re Telectronics Pacing*, 137 F. Supp. 2d at 1013 (citation omitted).

Here, but for the Settlement, the litigation would continue to be contested, and counsel for all Settlement Parties were committed to litigate this case through trial and beyond, if necessary. Accordingly, there are substantial risks and costs if this action were to proceed. While Interim Co-Lead Class Counsel believe that Plaintiffs and putative class members would ultimately prevail at trial, Interim Co-Lead Class Counsel recognize that ultimate success is not assured and believe that this Settlement, when considering the risks of proving both liability and recoverable damages, is unquestionably fair, adequate, and reasonable. *See, e.g.*, *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *11 (E.D. Mich. Dec. 13, 2011) (finding that while plaintiffs may "remain optimistic about their ultimate chance of success[,] there is always a risk that Defendants could prevail with respect certain legal or factual issues," which weighs in favor of approval of settlement). As such, avoiding unnecessary expense of time and resources clearly benefits all Settlement Parties and the Court. *See Int'l Union v. Ford Motor Co.*, 2006 WL 1984363, at *24 (E.D. Mich.

July 13, 2006) ("The costs and uncertainty of lengthy and complex litigation weigh in favor of settlement.").

## E.    Experienced Class Counsel's Opinions Favor Approval

In considering approval of a proposed settlement, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Rankin v. Rots*, 2006 WL 1876538, at *3 (E.D. Mich. June 27, 2006). Interim Co-Lead Class Counsel here have extensive experience in handling class action cases, including automotive defect cases like at issue here (as discussed below). Interim Co-Lead Class Counsel have thoroughly investigated and analyzed the claims alleged in this action, have made informed judgments regarding the Settlement, and believe it is fair, reasonable, and adequate. Interim Co-Lead Class Counsel also engaged in extensive, good-faith negotiations overseen by experienced mediators. This further weighs in support of preliminary approval.

## F.    The Settlement is Fair to Absent Class Members

This factor evaluates whether the settlement "appears to be the result of arm's-length negotiations between the parties and fairly resolves all claims which were, or could have been, asserted." *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 1996 WL 780512, at *14 (E.D. Mich. Dec. 20, 1996) (citation omitted). As set forth above, the Settlement Agreement was reached only after multiple arm's-length mediation sessions and extensive settlement discussions over the course of more than a year.

- 17 -

The resulting Settlement Agreement provides fair terms to all Settlement Class Members. Moreover, the release in this case extends only to claims that were or could have been asserted in this case and, thus, there is no risk of unfairness to absent class members.

## G.    The Settlement is Consistent with the Public Interest

Finally, the Court should consider whether the settlement is consistent with the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD*, 218 F.R.D. at 530 (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). Here, it is clearly in the public interest to approve this Settlement. The Settlement provides extensive benefits, including immediate improvements to consumer safety and material monetary benefits; resolves the claims of the Class; eliminates the risk of non-recovery on behalf of the Class; provides certainty to the Settlement Parties and the Class; and eases the burden of the Court's resources.

Overall, given the complexity, expense, and risks with continued litigation, the proposed settlement is fair, adequate, and reasonable.

## VII.   THE COURT SHOULD APPOINT CLASS COUNSEL

Pursuant to Fed. R. Civ. P. 23(g), Plaintiffs also move to appoint Hagens Berman Sobol Shapiro LLP; Carella, Byrne, Cecchi, Olstein, Brody & Agnello,

P.C.; Seeger Weiss LLP; and The Miller Law Firm, P.C. as Class Counsel. Rule 23(g) focuses on the qualifications of class counsel, complementing the requirement of Rule 23(a)(4) that the representative Settlement Parties adequately represent the interests of the class members. Rule 23(g)(1)(A) specifically instructs a court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Here, each of Rule 23(g)(1)(A)'s considerations weigh strongly in favor of finding proposed Class Counsel as adequate. Specifically, proposed Class Counsel did substantial work identifying and investigating potential claims and properly supporting the allegations in the Amended Class Action Complaint. As part of their investigation and work, proposed Class Counsel retained and consulted with multiple experts, and carefully reviewed public materials along with documents and information produced by FCA US.

As reflected in their firm resumes, proposed Class Counsel have substantial experience, individually and collectively, successfully prosecuting class actions and other complex litigation, including claims of the type asserted in this action. *See* Exhibits 4–7. Hence, proposed Class Counsel's extensive efforts in prosecuting this case, combined with their in-depth knowledge of the subject area, satisfy Rule 23(g).

- 19 -

## VIII.  THE FORM AND MANNER OF NOTICE ARE PROPER

The manner in which the Class Notice is disseminated, as well as its content, must satisfy Fed. R. Civ. P. 23(c)(2) (governing class certification notice), Fed. R. Civ. P. 23(e)(1) (governing settlement notice), and due process. *See Daoust*, 2019 WL 1055231, at *2. These requirements are adequately satisfied here. Rule 23(e) requires that notice of a proposed settlement be provided to class members. Notice satisfies the Rule when it adequately puts Settlement Class Members on notice of the proposed settlement and "describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Daoust*, 2019 WL 1055231, at *2.

Here, following the Court granting preliminary approval of the Settlement, the Settlement Administrator will provide the Short Form Notice by direct U.S. Mail. The Settlement Administrator will also set up and maintain a settlement website where Class Members can access a "Long-Form Notice", a copy of the Settlement Agreement, the operative complaint, and additional information about the Action and Settlement. The Short-Form Notice will include the address of the settlement website.

The proposed notice plan satisfies all of Rule 23's requirements. The language of the Class Notice was drafted and agreed to by the Settlement Parties and is written

in plain, simple terminology, including: (1) a description of the Settlement Class; (2) a description of the claims asserted in the action; (3) a description of the Settlement benefits and release of claims; (4) the deadlines and instructions for requesting exclusion; (5) the identity of Class Counsel for the Settlement Class; (6) the Final Approval Hearing date; (7) an explanation of eligibility for appearing at the Final Approval Hearing; and (8) the deadline and instructions for objecting to the Settlement. *See* Settlement Agreement at Exs. B and C. The Class Notice thus allows Settlement Class Members to make an informed and intelligent decision on whether to submit a Claim Form, exclude themselves, or object to the Settlement. In addition, pursuant to Fed. R. Civ. P. 23(h), the proposed Class Notice sets forth the maximum amount of Attorneys' Fees and Expenses and Service Awards that may be sought.

The dissemination of the Class Notice likewise satisfies all requirements. The Settlement Administrator will mail the Short Form Notice to the last known address of each potential member of the Settlement Class, which will be checked and updated via the National Change of Address database. *See* Settlement Agreement, § 5.4. If any Class Notice is returned as undeliverable, the Settlement Administrator shall perform a reasonable search for a more current address and re-send the Class Notice. *Id.* § 5.6.

Accordingly, the proposed Class Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court.

## IX.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the Settlement as fair, reasonable, and adequate, and in the best interest of the Class Members; (2) preliminarily certify the proposed Settlement Class for settlement purposes only; (3) preliminarily appoint Hagens Berman Sobol Shapiro LLP, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Seeger Weiss LLP, and The Miller Law Firm, P.C. as Class Counsel; (4) approve the form and content of, and direct the distribution of, the proposed Class Notice, and authorize and direct the Settlement Parties to retain JND Legal Administration as Settlement Administrator; and (5) schedule a Final Approval Hearing not earlier than one hundred and eighty (180) days after Preliminary Approval is granted.

010684-11/2042960 V1

Dated: October 3, 2022               Respectfully submitted,

By: */s/ Steve W. Berman*
    Steve W. Berman
Jerrod C. Patterson
Garth Wojtanowicz
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: jerrodp@hbsslaw.com
Email: garthw@hbsslaw.com

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM PC
950 W. University Dr., Ste. 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
Email: epm@millerlawpc.com
Email: ssa@millerlawpc.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
Email: cseeger@seegerweiss.com

James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: JCecchi@carellabyrne.com

*Attorneys for Plaintiffs*

- 23 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

By: <u>/s/ *Steve W. Berman*</u>
    Steve W. Berman

010684-11/2042960 V1