## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **JEREMY RAYMO, et al.,** | **2:17-CV-12168-TGB-SDD** |
| Plaintiffs, | |
| vs. | HON TERRENCE G. BERG |
| **FCA US LLC, and CUMMINS INC.,** | **ORDER REGARDING PRELIMINARY SETTLEMENT APPROVAL (ECF NO. 72) AND MOTION FOR GOOD FAITH FINDING (ECF NO. 85)** |
| Defendants. | |

This is a putative nationwide class action suit alleging defects in the emissions aftertreatment systems of model year 2013–2017 Dodge 2500 and 3500 Ram trucks with Cummins 6.7-liter diesel engines. The case is against Defendant FCA US LLC, which manufactured the trucks, and Defendant Cummins, Inc., which manufactured the engines and supplied them to FCA. Pending before the Court is a motion to approve a class action settlement with Cummins only (ECF No. 72) and a motion for a finding that the settlement was reached in good faith (ECF No. 85).

## I.    BACKGROUND

The Court assumes familiarity with the facts underlying this dispute. The factual background section of the Court's July 30, 2020

Order Granting in Part and Denying in Part Defendants' Motions to Dismiss is incorporated by reference. *See* ECF No. 50, PageID.6323–30.

On October 3, 2022, Plaintiffs filed a motion asking the Court to approve the terms of a settlement that Plaintiffs had reached with Cummins only. ECF No. 72. FCA opposed approval. ECF No. 74. The Court held a hearing on November 29, 2022 and ordered the parties to submit some additional information on the costs of settlement administration and the form of the notice that would be sent to the class. Plaintiffs filed the requested information, which included a proposed order granting their motion to approve the settlement. ECF No. 83. That proposed order raised, possibly for the first time, the prospect that the terms of the settlement included a provision barring FCA from bringing contribution, indemnification, and/or subrogation claims against Cummins later.

FCA then objected to the proposed order. ECF No. 84. Contemporaneously, Cummins moved for a finding that the settlement had been reached in good faith. ECF No. 85.

## II.   DISCUSSION

The pending motions raise six issues. The first is whether the proposed class settlement satisfies the requirements for preliminary approval imposed by Federal Rule of Civil Procedure Rule 23(e). The second is whether the proposed class should be preliminarily certified for settlement purposes only. The third is whether the proposed manner and

2

form of class notice is proper. The fourth is whether proposed class counsel should be preliminarily appointed. The fifth question is whether the Court should approve the portion of the settlement agreement barring FCA from raising certain contribution and indemnity claims against Cummins in the future (the "bar order"). The sixth question is whether the settlement was reached in "good faith," as required to impose a bar order under the laws of several states.

In March 2021, Plaintiffs and both Defendants—Cummins and FCA—began settlement negotiations. ECF No. 85, PageID.7848. After engaging in informal discovery and exchanging offers and counteroffers, they then participated in mediation April 2022 and followed up with continuing negotiations. Parties failed to reach a global settlement. Instead, on August 30, 2022, Plaintiffs and Cummins agreed to a settlement to resolve the class claims against Cummins in this case.

In summary, the proposed class settlement is for $3.9 million to be awarded on a pro rata basis.[1] ECF No. 72, PageID.7182–86. Plaintiffs assert there are at least 17,705 known class members that purchased or leased a model year 2013–2015 Dodge Ram 2500 or 2500 truck with Cummins Diesel between November 26, 2014 and July 13, 2016 in Alabama, California, Colorado, Florida, Georgia, Idaho, Kentucky, Michigan, Mississippi, New Jersey, North Carolina, Ohio, Oklahoma,

---

[1] This comes out to an estimated $145 per class member in the form of a prepaid debit card. ECF No. 83, PageID.7786–87.

Pennsylvania, Utah, Virginia, and Washington. The settlement will not require claim forms and includes direct notice paid from the settlement fund. It will release Cummins from liability for all claims in or that could have been alleged in this litigation. Class members may opt out in writing. Under the agreement, $111,560 of the fund will be reserved for notice and administrative costs, and no more 30% will be paid out to Class Counsel upon application.

### A.  Whether the settlement should be preliminarily approved

The Court concludes that the settlement between Plaintiffs and Cummins may be preliminarily approved to begin class notice because it is fair, reasonable, adequate and in the best interests of the class members. In doing so, it satisfies the requirements of Federal Rule of Civil Procedure 23(e) and the Sixth Circuit's multifactor test. At the preliminary-approval stage, the Court assesses "simply whether the settlement is fair enough" to start class notice. *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020) (Borman, J.). "[T]he bar is lower for preliminary approval than it is for final approval." *Id.* at 621. The Court reserves the ability to scrutinize and make changes to the settlement including the reasonableness of requested costs and incentive payments to named plaintiffs at the final approval.

FCA responded to the proposed settlement and has standing to do so as a non-settling defendant because it can show plain legal prejudice resulting from the settlement in the bar order provision (see Part E). *In re Packaged Ice Antitrust Litigation*, No. 08-01952, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010). Furthermore, the Court is responsible for ensuring the overall fairness of class settlements, so it will consider the FCA's contentions—about the state of the parties' discovery process on liability issues (none has occurred) and the proportional balance of the settlement fund going to class counsel and named plaintiffs versus unnamed class members—along with its own analyses.

At the final approval stage, Federal Rule of Civil Procedure 23(e)(2) provides that a court may approve a settlement only after a hearing and a determination that the settlement is "fair, reasonable, and adequate." At the preliminary approval stage, the Court takes a first pass at this standard. In 2018, Congress codified the multifactor tests adopted by the various Courts of Appeals into Fed. R. Civ. P. 23(e)(2)(A–D) and directed courts to consider:

> (A) whether class representatives and counsel have adequately represented the class;
> (B) whether the proposal was negotiated at arm's length;
> (C) whether the relief is adequate taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of the proposed method of distributing relief to the class;
> > (iii) the terms of any attorney fee award;
> > (iv) the terms of any side agreement; and

(D) whether the settlement treats class members equitably relative to each other.

The Sixth Circuit's version of this multifactor test instructs lower courts to consider seven factors in determining whether a class settlement is fair:

(1) The risk of fraud or collusion;
(2) The complexity, expense, and likely duration of the litigation;
(3) The amount of discovery engaged in by the parties;
(4) The likelihood of success on the merits;
(5) The opinions of class counsel and class representatives;
(6) The reaction of absent class members; and
(7) The public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). These factors are often referred to as "the *UAW* factors." A district court need not consider every factor in every case, nor need it weigh every factor equally. Instead, the court may choose to "consider only factors that are relevant to the settlement and may weigh particular factors according to the demands of the case." *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 832 (E.D. Mich. 2008) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992)).

At the hearing regarding Plaintiffs' Motion for Preliminary Approval of a Class Action Settlement conducted in November 2022, the Court conveyed its concerns about fairness and the parties supplied their answers. ECF No. 82. In its supplemental filings, Plaintiffs provided

updated and redlined versions of the class notices by clarifying estimates of likely recovery on a per-plaintiff basis in settlement and the maximum expected recovery were the cases successfully litigated through trial, calling out that FCA would remain in the case as a non-settling Defendant, and reducing the amount of funds set aside for the administrative costs (down to $111,560, from what had been set at $500,000). ECF No. 83, PageID.7783, 7785. They also provided a breakdown of the administrative costs. ECF No. 83-3.

### 1.    Rule 23(e)(2) factors

*Whether class representatives and counsel have adequately represented the class:* The Court is confident that counsel is experienced and dedicated to representing the class based on their zealous advocacy during the pendency of this matter. And the class representatives as well have adequately represented the class throughout the time that the case has been before the Court.

*Whether the proposal was negotiated at arm's length:* The settlement process started with formal, global mediation before an experienced mediator and then developed into additional negotiations that resulted in a partial agreement.

*Whether the relief is adequate taking into account:*

> *the costs, risks, and delay of trial and appeal:* There is no question that a settlement avoids costs, risks, and delay that would be attendant to a trial. Though it is unknown precisely what the

relative strengths and weaknesses of the case are in the absence of completed formal discovery, the parties did conduct informal discovery that was discussed during the fairness hearing, and the parties are in the best position to assess the risks of trial compared with the certainty of settlement.

*the effectiveness of the proposed method of distributing relief to the class:* Class members will receive prepaid debit card and won't need to submit claim forms. This is a low barrier and provides speedy relief.

*the terms of any attorney fee award:* Up to 30% of the fund is to be allocated to counsel, which is reasonable considering the average range of awards is 20–30%. *See Gooch v. Life Inv'rs Ins. Co. of Am.*, 672 F.3d 402, 426 (6th Cir. 2012).

*the terms of any side agreement:* There is no side agreement per se though this settlement excludes FCA.

*Whether the settlement treats class members equitably relative to each other:* While all class members receive an equal pro rata share that is expected to be in the neighborhood of $145, the named plaintiffs are to receive $5,000 each, which is more than 34 times the amount that unnamed plaintiffs will get. This Court has reduced service awards when the multiplier was 100, but finds this difference in range is not egregious. *See Garner*, 333 F.R.D. at 628.

In sum, the Rule 23(e)(2) factors weigh in favor of preliminarily approving the settlement.

### 2. *UAW* factors

*The risk of fraud or collusion:* The settlement agreement is the product of arms-length negotiations initially facilitated by mediator Judge Morton Denlow (Ret.). There are no indications of collusion or bad faith dealing before the Court. FCA pointed out that the majority of the settlement fund will be paid to counsel, named plaintiffs, and the claim administrators, but that does not amount to fraud or collusion. This weighs in favor of approval.

*The complexity, expense, and likely duration of the litigation:* The settlement was reached well before trial, fact and expert discovery, and dispositive motion practice, all of which will require greater cost, time, and effort to navigate complex litigation issues before delivering potential relief to class members. At this point, the case has gone on for six years. This weighs in favor of approval.

*The amount of discovery engaged in by the parties:* There is no formal discovery in this case, though parties did exchange informal discovery to begin settlement talks. But formal discovery is not necessarily required, so long as the parties have obtained adequate information to evaluate the relative strength of their positions. *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 236 (E.D. Mich. 2016) (quoting *Sheick v. Auto. Component Carrier LLC*, No. 10-14429, 2010 WL 4136958, at *19 n.3 (E.D. Mich. 2010)). But FCA raises the issue that discovery has not been sufficient to permit the Court to assess the fairness of the settlement as it relates to Cummins' relative share of

liability compared to FCA. The Court cannot say with certainty that "the amount of discovery engaged in by the parties" weighs in favor of approval because there are open questions that FCA raises such as the possibility of a sub-supplier's liability.

*The likelihood of success on the merits:* The outcome is never certain in complex class actions and without formal discovery, it is even harder for the Court to determine the likelihood of success for either party. Cummins and the Plaintiffs are in the best position to assess their likelihood of success. A settlement is necessarily reached based on each party's determination of its likelihood of success and the comparative certainty of the resolution that the settlement provides. This factor weighs in favor of approval.

*The opinions of class counsel and class representatives:* The settlement is in the interest of the class according to the opinions of class counsel and the class representatives.

*The reaction of absent class members:* The Court must wait to hear from objectors or class members that opt out after class notice is sent in order to assess the reaction of the absent class members.

*The public interest:* Settlements of class actions are in the public interest to provide relief and certainty to the class and to conserve judicial time and resources. This settlement between Plaintiffs and Cummins would be no different. This and the federal policy favoring settlement of class actions weighs in favor of the settlement. *UAW v. GMC*, 497 F.3d 615, 632 (6th Cir. 2007).

Taken all together, the *UAW* factors weigh in favor of preliminarily approving this settlement as fair. Of course, the Court will assess these factors again after the fairness hearing at the final approval stage.

Because the Rule 23(e) and the *UAW* factors weigh in favor of finding the settlement to be fair, reasonable, adequate and in the best interests of the class members, the settlement is hereby **PRELIMINARILY APPROVED**.

### B.   Whether the proposed class should be certified

Plaintiffs ask the Court to preliminarily certify the settlement class for settlement purposes. Such a decision must comply with Rule 23(a) and 23(b).

### 1.   Rule 23(a) Requirements

Rule 23(a) requires that a class satisfies numerosity, commonality, typicality, and adequacy of representation. With 17,705 members, the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Class members share common questions of law and fact surrounding whether the same two alleged uniform defects in their trucks exist and whether Cummins had knowledge of those defects. Fed. R. Civ. P. 23(a)(2). *See Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006) (affirming finding of commonality based on an alleged throttle body that was identical across the claimed vehicles). As for typicality, the claims arose from the same course of conduct and common defects: the manufacturing and sale of the Dodge Rams with Cummins engines. (Fed.

R. Civ. P. 23(a)(3). The representative plaintiffs share interests in prosecuting these class action claims and will fairly and adequately protect those class interests. Fed R. Civ. P. 23(a)(4).

Considering all four factors, the Court finds the class satisfies Rule 23(a) factors.

### 2.    Rule 23(b) Requirements

The parties seek certification under Rule 23(b)(3) predominance. ECF No. 72, PageID.7188. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997). It requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, common proof for questions of fact, rather than individualized circumstances, predominate because Cummins' conduct regarding its engines and the defect claims was the same across all allegedly affected trucks. Also, there are common questions of law such as whether the defects exist; whether Cummins had knowledge, concealed, or misrepresented them; and whether class members were injured. As to the superiority of a class-wide action, an individual truck owner or lessee is unlikely to shoulder the burden of litigating alone against a major corporate entity like Cummins for a small claim (estimated by Plaintiffs' experts to be $1,500), and it is much more

efficient for the courts to resolve these claims uniformly in one fell swoop. Thus, the class satisfies Rule 23(b).

By meeting the requirements of Rule 23(a) and 23(b), the settlement class is hereby **PRELIMINARILY CERTIFIED**.

### C.    Whether the proposed class notice is proper

The proposed class notice plan satisfies the requirements of Rule 23 and due process. Under Rule 23(e)(1), the class must receive notice. Under Rule 23(c)(2)(B), that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort[,]" and the language of the notice must be clear, concise, and in plain, easily understood terms. Based on the supplemental briefing filed after the November hearing, the Court has reviewed the updated short-form notice, to be sent directly by postal mail, and long-form notice, which will be made available on a settlement website, and found they properly lay out the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members. Because this method will ensure each class member is made aware of their rights under the class settlement and of the opportunity

to object or opt out, it satisfies due process. The proposed class notice and method are thus **APPROVED**.

**D.   Whether the firms requested should be appointed as counsel**

Plaintiffs request that the Court preliminarily appoint Hagens Berman Sobol Shapiro LLP, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Seeger Weiss LLP, and The Miller Law Firm, P.C. as Class Counsel. ECF No. 72, PageID.7197–98. Before appointing class counsel, the court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court has found counsel to be learned and effective during this litigation, and in other similar cases. These firms worked to investigate and bring forth these claims, including consulting with experts, and have ample experience litigating class actions including those regarding automotive parts. ECF No. 72-5–8, PageID.7272–453. Also, no Defendant objected to these firms. The aforementioned firms are hereby **PRELIMINARILY APPROVED**.

**E.   Whether the Court should approve the bar order portion of the settlement agreement**

The settlement required the parties to seek a preliminary approval order from the Court. That Order, among other things, would:

> Issue a bar order which orders that FCA and other third parties are permanently BARRED and ENJOINED from initiating, asserting, or prosecuting any claim or action, including claims for contribution, indemnity, and/or subrogation, against Cummins or the Released Parties for reimbursement of payments made to or on behalf of any Settlement Class Member for all claims or injuries related to this Action[.]

ECF No. 72-2, PageID.7234. In subsequent filings, "permanently" was removed from the bar order language.[2] ECF No. 86, PageID.7947 n.1.

---

[2] From the Proposed Order submitted to the Court on December 6, 2022, it reads:

23.     Subject to any modification upon entry of a Final Approval Order, FCA and other third parties are enjoined from initiating, asserting, or prosecuting any claim or action, including claims for contribution, indemnity, and/or subrogation, against Cummins or the Released Parties for reimbursement of payments made to or on behalf of any Settlement Class Member for all claims or injuries related to this Action, subject only to the following exception:

a.     If, despite the provisions of Section VIII.C. of the Settlement Agreement, (i) applicable law precludes FCA from obtaining a set-off or judgment reduction to which a non-settling defendant would otherwise be entitled under applicable law in an individual case brought by a Settlement Class Member without naming Cummins or a Released Party as a party in the lawsuit, and (ii) FCA and the Settlement Class Member cannot reach agreement on this issue sufficient to eliminate FCA's alleged need to name Cummins or a Released Party in the lawsuit, FCA may apply to the Court for relief from this bar order.

b.     FCA's application to the Court shall set forth with specificity (i) the facts and law that would give rise to a claim for contribution or indemnity but for the provisions of this Agreement; (ii) the efforts that FCA has made to reach an accommodation with the Settlement Class Member with respect to the need to name Cummins or a Released Party as a defendant in the case; and (iii) the factual and legal bases for FCA's claim that, under the particular facts of the case and the

Under the bar order, FCA could "apply to the Court for relief" from its application in a limited circumstance: if state law prohibited FCA from obtaining a judgment reduction without naming Cummins as a party. ECF No. 72-2, PageID.7234. Plaintiff's approval motion did not include a request for the imposition of a bar order. ECF No. 72, PageID.7201. Instead, it was attached in the motion for approval. ECF No. 72-2.

The bar order was not mentioned in any party's briefing submitted before the preliminary approval hearing. Nor was it discussed at the hearing. The bar order was raised for the first time in FCA's Objection

---

particular provisions of applicable law, FCA must be permitted to name Cummins or a released Party in the case despite the bar order.

      c.    A copy of FCA's application to the Court shall be served on counsel for Cummins.

      d.    The Court shall modify the bar order to permit FCA to name Cummins or a Released Party in a particular case brought against FCA by a Settlement Class Member only where doing so is essential to protect set-off or judgment reduction rights to which FCA would be entitled under applicable law but for the provisions of the Settlement Agreement. Any order modifying the bar order will contain provisions that protect the interests of Cummins and the Released Parties under this Agreement, including, among other things, provisions affirming that the Settlement Class Member has agreed (i) to forego any direct or indirect recovery from Cummins or the Released Parties of sums over and above those received under this Agreement and (ii) to give up any portion of any judgment obtained against FCA that is attributed to Cummins or any Released Party if FCA has a right of contribution or indemnity against Cummins for the portion of such judgment attributed to Cummins' fault under the applicable state's laws.

      e.    Applications made by FCA for modification of the bar order will be subject to the provisions of Fed. R. Civ. P. 11.

and then discussed in the Responses and Reply regarding that Objection. ECF Nos. 84, 86, 87, 91. In any event, the briefs are primarily dedicated to whether FCA waived its right to object to the bar. They contain limited discussion of the substantive propriety of a bar order. Thus, the Court is presented with minimal information that would allow it to assess the propriety of the bar order.

FCA objects to the bar order's inclusion, arguing that it was not properly presented. ECF No. 84. Cummins and Plaintiffs respond as follows. First, Cummins contends that FCA missed its opportunity to litigate this issue by failing to raise it in their Response to Plaintiffs' motion for preliminary approval of the settlement (ECF No. 74). Next, they argue that the bar order is fair to FCA. They say that, even if FCA is later found liable, and is prohibited from seeking contribution from Cummins by the bar, FCA will still be entitled to seek and receive a reduction in any judgment against it. That is, FCA will only be liable to the plaintiffs commensurate with its own conduct—not Cummins' conduct. So even if FCA may not seek contribution from Cummins, it will still be able to avoid paying any damages that Cummins, rather than FCA, was responsible for causing.

The settlement itself is an agreement between Cummins and the Plaintiffs only. Yet these two parties seek to determine the rights of FCA, a third party with real stakes and potential contribution rights in the

matter of potential liability in this defect case.[3] FCA has represented that it believes Cummins—as the emissions certificate holder for the trucks that is responsible to regulating government agencies—owes FCA contractual indemnity for the claims asserted in this class action.[4] ECF No. 84, PageID.7841.

Even so, for purposes of preliminarily approving the settlement agreement, the Court believes that the language of the bar order provides FCA with a workable mechanism to apply for relief that the Court can provide.

The Court cites Judge Newblatt's decision conditionally approving a bar order in a class settlement provided that the non-settling defendants retained the right to a judgment reduction based on proportionate fault:

> The Court disagrees that the enforcement of a bar order, *per se,* will cause inequitable results. This court chooses not to penalize the non-settling defendants by making them bear the risk that the settlement is inequitable. Therefore, as a condition of the bar order, the Court will require a setoff

---

[3] Cummins does not point to any cases where this kind of bar order was imposed over a non-settling defendant's objection. But neither does FCA point to authority where a settlement agreement requiring such a bar order was rejected by the court because of a non-settling defendant's objection. Here, the Court concludes that the bar order contains language sufficient to protect FCA's rights to avoid being held responsible for Cummins' liability.

[4] No such contract providing that Cummins must indemnify FCA for liability arising from defects in the engine has been presented to the Court for review.

according to proportional fault … For example, if the settling defendants are adjudicated to be 90 percent at fault and the non-settling defendants are 10 percent at fault, and the fact finder determines that an award of $ 1 million is appropriate, then plaintiffs may only collect $ 100,000 -- that is, ten percent of the award -- from the non-settling defendants. The fact that the settling defendants will have paid the plaintiffs far less than $ 900,000 is thus a risk to be borne by the plaintiffs.

The effect of the order is to foreclose the right of recovery of plaintiffs to recover money from the non-settling defendants that is owed to them by other defendants. It seems reasonable that the Court should establish this condition in exchange for the bar order. The alternative is for the non-settling defendants to be potentially stuck for most of the judgment, when, as they contend, the law of contribution would ordinarily foreclose that result … It is the opinion of this Court that the proposed settlement is reasonable so long as the proportionate fault method of setoff is employed.

*Harris v. Agrivest Ltd. P'ship II*, 818 F. Supp. 1042, 1044–45 (E.D. Mich. 1993) (Newblatt, J.), *rev'd on other grounds*, *Harris v. Agrivest Ltd. P'ship II*, 89 F.3d 833 (6th Cir. 1996).

As a matter of scope, bar orders of non-settling defendant's rights must be limited and not be so broad as to authorize barring claims of independent damages. *Papas v. Buchwald Cap. Advisors, LLC*, 728 F.3d 567, 579–80 (6th Cir. 2013). There is no need here for a separate evidentiary fairness hearing[5] about relative liability as long as the bar order contemplates a judgment reduction as a proportionate share (as

---

[5] This kind of hearing would determine whether settling defendants are paying a fair share of liability. *McDannold v. Star Bank, N.A.*, 261 F.3d 478, 484 (6th Cir. 2001).

opposed to pro tanto) because, according to Plaintiffs, "in the event FCA is found liable for its conduct, the Class's recovery will be reduced to the extent required by law to account for Cummins' share of liability, which will reduce FCA's ultimate liability." ECF No. 86, PageID.7950–51. The judgment reduction ensures that FCA will not be left holding the bag. Thus, "the court can compensate the non-settling defendant[ ] for the loss of [contribution] claims by reducing any future judgment against them." *Papas*, 728 F.3d at 579.

While the Court will **PRELIMINARILY APPROVE** the bar order, it will seek to more fully understand its consequences at the fairness hearing and prior to entering any final approval of the settlement. If it becomes clear that the bar order as written is unfair to FCA, then the Court may revise the language to make it fair.[6]

### F.   Whether a "good faith" finding is appropriate

Cummins has also asked the Court to enter an additional order ruling that under the laws of some 18 different states, the agreement is in taken in good faith. ECF No. 85. Having been presented with no evidence of collusion or bad faith, and having concluded for the reasons stated above that the agreement fair, reasonable, adequate and in the best interests of the class members, the Court has effectively found that

---

[6] For example, the Court may enter a mutual bar order. *See e.g., Hunichen v. Atonomi LLC,* No. 19-00615, 2023 U.S. Dist. LEXIS 48913, at *16 (W.D. Wash. March 22, 2023).

the agreement is in good faith. This is not the time to opine on 18 states' common law principles and statutes regarding contribution. Cummins' motion at ECF No. 85 is therefore **DENIED** as **MOOT**.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Preliminarily Approve the Proposed Settlement Agreement between Plaintiffs and Cummins (ECF No. 72) is hereby **GRANTED**.

The Court **PRELIMINARILY APPROVES** the proposed class action settlement, incorporated by reference from Exhibit 1 of the motion for approval (ECF No. 72-2), the Executed Settlement Agreement.

Plaintiff's Motion to Find the Settlement Agreement in Good Faith (ECF No. 85) is **DENIED** as **MOOT**.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein, finding that it is likely to approve the Settlement as fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at a hearing (the "Fairness Hearing").

2. The Fairness Hearing shall be held before this Court on April 2, 2024, at 1:00 p.m., at the United States District Court, located in Courtroom 251, at 231 W. Lafayette Blvd., Detroit, Michigan 48226, to determine whether to approve certification of the Settlement Class for settlement purposes; whether the proposed settlement of the Action on

the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of distribution should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of the service awards that should be provided to the class representatives. The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class as follows:

> All persons and entities who purchased or leased a new 2013, 2014, or 2015 Dodge Ram 2500 or 3500 truck with Cummins Diesel between November 26, 2014 to July 13, 2016 in the following states: Alabama, Colorado, Florida, Georgia, Idaho, Kentucky, Michigan, Mississippi, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Utah, Virginia, and Washington.

Excluded from the Settlement Class are: Cummins and FCA; any affiliate, parent, or subsidiary of Cummins or FCA; any entity in which Cummins or FCA has a controlling interest; any officer, director, or employee of Cummins or FCA; any successor or assign of Cummins or FCA; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt out of the

settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e., salvage or junkyard vehicles) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicles that previously released their claims in an individual settlement with Cummins with respect to the issues raised in the Action.

4.     The Court designates Jeremy Raymo, Forrest Poulson, Gary Gaster, Brendon Goldstein, Manuel Pena, John Reyes, Dennis Kogler, Clarence "Todd" Johnson, Stephen Zimmerer, Justin Sylva, Ian Hacker, Jason Gindele, James Blount, Luke Wyatt, Chris Wendel, Darin Ginther, and Matt Baffunno as the Class Representatives for the Settlement Class.

5.     The Court designates Hagens Berman Sobol Shapiro LLP; Carella, Byrne, Cecchi, Brody & Agnello, P.C.; Seeger Weiss LLP; and The Miller Law Firm, P.C. as Class Counsel for the Settlement Class.

6.     Having found that it will likely approve the Settlement and certify the Settlement Class for purposes of settlement with Cummins, the Court hereby directs Class Counsel to give notice of the Settlement to the Settlement Class.

7.     The Court approves as to form and content the proposed notice forms, including the Short Form Notice and Long Form Notice, attached as Exhibits 2 and 3, respectively, to the Declaration of Steve Berman in Support of Plaintiffs' Supplemental Brief in Support of Motion

for Preliminary Approval of Class Action Settlement ("Berman Declaration"). ECF No. 83-4 at PageID.7798-7801 (Short Form Notice); ECF No. 83-5 at PageID.7803-7815 (Long Form Notice). The Court further finds the proposed content of these notices, and the proposed plan of notice described in the Settlement Agreement (pp. 15-19) and reflected in this Order, meet the requirements of Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8.     The Court appoints the firm of JND Legal Administration ("Settlement Administrator") to supervise and administer the notice procedure. The Settlement Administrator shall be responsible for, without limitation, (a) printing, mailing, or arranging for the mailing of the Short Form Notices; (b) handling returned mail not delivered to members of the Class; (c) attempting to obtain updated address information for any Short Form Notices returned without a forwarding address; (d) making any additional mailings required under the terms of this Order or the Settlement Agreement; (e) responding to requests for copies of the Long Form Notice; (f) receiving and maintaining on behalf of the Court any correspondence from members of the Class regarding requests for exclusion and/or objections to the Settlement; (g) forwarding written inquiries to Class Counsel for a response, if warranted; (h) establishing a post-office box for the receipt of any correspondence; (i)

responding to requests from Class Counsel and/or Cummins's Counsel; (j) establishing a website and toll-free voice response telephone number with message capabilities to which Class Members may refer for information about the Action and the Settlement; (k) fulfilling any escheatment obligations that may arise; (l) consulting on Class Notice; and (m) otherwise implementing and/or assisting with the dissemination of the Settlement.

9. The Settlement Administrator shall disseminate notice of the Settlement to Settlement Class Members as set forth below:

a. No later than 30 days from the entry of this Preliminary Approval Order, the Settlement Administrator shall establish a public, case-specific website at the following web address: 2500-3500dieselscrsettlement.com. The website shall make available the full version of the Settlement Agreement, the Preliminary Approval Order, the Long Form Notice and the Short Form Notice, and any other materials mutually agreed upon by Class Counsel and Cummins or required by the Court, in a format that may be downloaded and/or printed;

b. The Settlement Administrator shall establish a toll-free telephone number with voice response and message capabilities that will provide Settlement-related information to Settlement Class Members.

d. Beginning no later than 60 days from the entry of this Preliminary Approval Order, the Settlement Administrator shall cause

the Short Form Notice to be mailed via the United States Postal Service first-class mail, postage prepaid, substantially in the form annexed as Exhibit 2 to the Berman Declaration (ECF No. 83-4 at PageID.7798-7801) to all Settlement Class Members whose addresses can be identified with reasonable effort. In addition, the Settlement Administrator shall: (1) re-mail any notices returned by the United States Postal Service with a forwarding address within seven (7) days receipt of such forwarding address; and (2) by itself or using one or more address research firms, as soon as practicable following receipt of any returned notices that do not include a forwarding address, research such returned mail for better addresses and promptly mail a copy of the applicable notice to any better addresses so found. The Settlement Administrator shall complete the mailing of Short Form Notices no later than eighty-one (81) days after entry of this Order.

e. In addition to making the Long Form Notice available on the Settlement Website, the Settlement Administrator shall send, via first-class mail, a printed copy of the Long Form Notice to those persons who request it in writing or through toll-free telephone number.

10. Class Counsel is authorized to and shall establish and create a Qualified Settlement Fund pursuant to Internal Revenue Code § 468B and the regulations issued thereto. Class Counsel is further authorized to and shall establish an Escrow Account as warranted, established and controlled pursuant to an Escrow Agreement at a bank mutually

agreeable to Cummins and Class Counsel, into which Cummins shall deposit five hundred thousand dollars ($500,000.00) within ten (10) business days of the entry of this Order. Such Escrow Account and Escrow Agreement shall be consistent with the terms of the Settlement Agreement, § III.C.

11.     Cummins' initial payment of $500,000.00 into the Qualified Settlement Fund may be used by Class Counsel to pay the reasonable costs of providing notice to the Settlement Class in accordance with this Order in amounts not to exceed $111,560.00 without need for further approval from this Court. Distributions in excess of this amount shall require prior application to and approval by the Court.

12.     Class Counsel shall file their motion for attorneys' fees, costs, and service awards for the class representatives, and all supporting documentation and papers, by 90 days from the entry of this Preliminary Approval Order.

13.     Any person who desires to request exclusion from the Settlement Class must do so by 120 days from the entry of this Preliminary Approval Order, and such request for exclusion shall be in the form of a letter mailed or otherwise delivered to the Settlement Administrator stating that the person wants to be excluded from the *Raymo v. FCA US LLC et al.*, Case No. 2:17-cv-12168-TBG-SDD (E.D. Mich.) settlement, and the letter must include identifying information sufficient to enable the Settlement Administrator to determine whether

27

the person is a member of the Settlement Class. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgments relating to Defendant Cummins entered in the litigation. If a Class Member files a request for exclusion, he or she may not file an objection.

14.    Class Members may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of Class Members or multiple class members where no personal statement has been signed by each and every individual Class Member shall not be allowed.

15.    No later than 150 days after entry of this Order, the Settlement Administrator shall file, or cause to be filed with the Court a document detailing the scope, method, and results of the notice program along with a list of those persons who have opted out or excluded themselves from the Settlement.

16.    All papers in support of Final Approval of the Settlement, including any responses by Class Counsel regarding objections and exclusions shall be filed and served by 150 days from the entry of this Preliminary Approval Order.

17.    Any member of the Settlement Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an

appearance, he or she will be represented by Class Counsel.

18.    The Fairness Hearing shall occur 180 days after the entry of this Order, or at such date and time as the Court may specify. Any member of the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; why attorneys' fees and expenses should or should not be awarded to Class Counsel; or why the service awards should or should not be awarded to the class representatives. All written objections and supporting papers must (a) clearly identify the case name and number (*Raymo v. FCA US LLC et al.*, Case No. 2:17-cv-12168-TBG-SDD (E.D. Mich.)); (b) be submitted to the Court either by mailing them to the Clerk's Office, United States District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Room 559, Detroit, MI 48226, or by filing it in person at any location of the United States District Court for the Eastern District of Michigan; and (c) be filed or postmarked on or before 120 days from the entry of this Preliminary Approval Order.

19.    All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

20.    Neither the Settlement Agreement, nor any of its terms or

provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or Defendant Cummins, respectively, of the truth or falsity of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind.

21.    Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class, upon final approval of the Settlement, shall be bound by the terms and provisions of the Settlement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement.

22.    Potential Class Members are preliminarily enjoined from challenging in any action or proceeding any matter covered by the Settlement preliminarily approved by this Order, except for proceedings in this Court to determine whether the Settlement will be given Final Approval.

23.    Subject to any modification upon entry of a Final Approval Order, FCA and other third parties are enjoined from initiating, asserting, or prosecuting any claim or action, including claims for contribution, indemnity, and/or subrogation, against Cummins or the Released Parties for reimbursement of payments made to or on behalf of any Settlement Class Member for all claims or injuries related to this Action, subject only to the following exception:

a.     If, despite the provisions of Section VIII.C. of the Settlement Agreement, (i) applicable law precludes FCA from obtaining a set-off or judgment reduction to which a non-settling defendant would otherwise be entitled under applicable law in an individual case brought by a Settlement Class Member without naming Cummins or a Released Party as a party in the lawsuit, and (ii) FCA and the Settlement Class Member cannot reach agreement on this issue sufficient to eliminate FCA's alleged need to name Cummins or a Released Party in the lawsuit, FCA may apply to the Court for relief from this bar order.

b.     FCA's application to the Court shall set forth with specificity (i) the facts and law that would give rise to a claim for contribution or indemnity but for the provisions of this Agreement; (ii) the efforts that FCA has made to reach an accommodation with the Settlement Class Member with respect to the need to name Cummins or a Released Party as a defendant in the case; and (iii) the factual and legal bases for FCA's claim that, under the particular facts of the case and the particular provisions of applicable law, FCA must be permitted to name Cummins or a released Party in the case despite the bar order.

c.     A copy of FCA's application to the Court shall be served on counsel for Cummins.

d.     The Court shall modify the bar order to permit FCA to name Cummins or a Released Party in a particular case brought against FCA by a Settlement Class Member only where doing so is essential to

31

protect set-off or judgment reduction rights to which FCA would be entitled under applicable law but for the provisions of the Settlement Agreement. Any order modifying the bar order will contain provisions that protect the interests of Cummins and the Released Parties under this Agreement, including, among other things, provisions affirming that the Settlement Class Member has agreed (i) to forego any direct or indirect recovery from Cummins or the Released Parties of sums over and above those received under this Agreement and (ii) to give up any portion of any judgment obtained against FCA that is attributed to Cummins or any Released Party if FCA has a right of contribution or indemnity against Cummins for the portion of such judgment attributed to Cummins' fault under the applicable state's laws.

e.     Applications made by FCA for modification of the bar order will be subject to the provisions of Fed. R. Civ. P. 11.

24.   For ease of reference, the following schedule sets forth the deadlines related to the Notice required by this Order, Class Counsel's application for costs, fees, and incentive awards, Class Members' rights to object to or opt out of the Settlement, and the Fairness Hearing in which the Court will determine whether the Settlement should be granted Final Approval:

| EVENT | DATE |
|---|---|
| Class Notice Program Begins | 60 days after Preliminary Approval Order |
| Class Notice Program Completed | 81 days after Preliminary Approval Order |
| Deadline for Motion for Attorney's Fees, Costs, and Incentive Awards | 90 days after Preliminary Approval Order |
| Objection and Opt-Out Deadline | 120 days after Preliminary Approval Order |
| Deadline for Report from Settlement Administrator re: Notice Program and Motion for Final Approval | 150 days after Preliminary Approval Order |
| Fairness Hearing | 180 days after Preliminary Approval Order |

25.     Parties will appear for a **STATUS CONFERENCE** on November 1, 2023 at 3:30pm to discuss next steps for continuing the case (e.g., discovery) between Plaintiffs and FCA and settlement class notice progress between Plaintiffs and Cummins.

**IT IS SO ORDERED.**

Dated:   September   30, 2023

s/Terrence G. Berg
_____
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE