## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEREMY RAYMO, et al., individually and on behalf of all others similarly situated, | Case No. 2:17-cv-12168 |
| | Hon. Terrence G. Berg |
| Plaintiffs, | Mag. Judge Stephanie Dawkins Davis |
| v. | |
| FCA US LLC, a Delaware corporation, and CUMMINS INC., an Indiana corporation, | |
| Defendants. | |

### PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs, by and through Class Counsel Hagens Berman Sobol Shapiro LLP,

Carella, Byrne, Cecchi, Brody & Agnello P.C., Seeger Weiss LLP, and The Miller

Law Firm, P.C., respectfully move the Court for an Order:

1.   Granting final approval of the proposed class action Settlement;

2.   Certifying the Settlement Class for purposes of effectuating the

Settlement, defined as:

All persons and entities who purchased or leased a new 2013, 2014, or 2015 Dodge Ram 2500 or 3500 truck with Cummins Diesel between November 26, 2014 to July 13, 2016 in the following states: Alabama, Colorado, Florida, Georgia, Idaho, Kentucky, Michigan, Mississippi, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Utah, Virginia, and Washington;[1] and

---

[1] Excluded from the Settlement Class are: Cummins and FCA US; any affiliate, parent, or subsidiary of Cummins or FCA US; any entity in which Cummins or FCA

3.     Appointing Hagens Berman Sobol Shapiro, LLP, The Miller Law Firm,

P.C., Seeger Weiss, LLP, and Carella, Byrne, Cecchi, Brody & Agnello,

P.C. as Co-Lead Class Counsel.

In support of this Motion, Plaintiffs have contemporaneously filed a Memorandum of Law, with exhibits thereto. In accordance with L.R. 7.1(a), Plaintiffs' counsel sought and obtained the concurrence of counsel for Defendants FCA US and Cummins in the relief sought by this Motion.

For the reasons set forth in the Memorandum of Law, Plaintiffs respectfully request that the Court grant their Unopposed Motion and enter the [Proposed] Order submitted to the Court.

DATED: September 10, 2024              Respectfully submitted,

/s/ Steve W. Berman
Steve W. Berman
Jerrod C. Patterson
Garth Wojtanowicz
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com
Email: jerrodp@hbsslaw.com
Email: garthw@hbsslaw.com

---

US has a controlling interest; any officer, director, or employee of Cummins or FCA US; any successor or assign of Cummins or FCA US; and any judge to whom this Action is assigned, and his or her spouse; individuals and/or entities who validly and timely opt out of the settlement; and current or former owners of Class Vehicles that previously released their claims in an individual settlement with Cummins with respect to the issues raised in the Action. *See* Settlement Agreement, § II.A.5 (ECF No. 107-2 at PageID.8176).

E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
THE MILLER LAW FIRM PC
950 W. University Dr., Ste. 300
Rochester, MI 48307
Telephone: (248) 841-2200
Email: epm@millerlawpc.com
Email: dal@millerlawpc.com

Christopher A. Seeger
Christopher Ayers
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Telephone: (212) 584-0700
Email: cseeger@seegerweiss.com
Email: cayers@seegerweiss.com

James E. Cecchi
Zachary Jacobs
CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Email: JCecchi@carellabyrne.com
Email: ZJacobs@carellabyrne.com

*Attorneys for Plaintiffs*

010684-11/2758384 V1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JEREMY RAYMO, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FCA US LLC, a Delaware corporation, and CUMMINS INC., an Indiana corporation,

Defendants.

Case No. 2:17-cv-12168

Hon. Terrence G. Berg

Mag. Judge Stephanie Dawkins Davis

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
## OF MOTION FOR FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES PRESENTED ................................................................. V

STATEMENT OF CONTROLLING OR MOST IMPORTANT
     AUTHORITY ........................................................................ VI

I.     INTRODUCTION ........................................................................ 1

II.    ARGUMENT ........................................................................ 4

    A.    The settlement readily meets the standard for final
         approval. ........................................................................ 4

    B.    Both the Rule 23(e)(2) factors and the Sixth Circuit final
         approval factors support approval of the Settlement. ......................... 7

        1.    The relief provided to the Settlement Class is
             Adequate. ........................................................................ 7

        2.    Plaintiffs and Class Counsel adequately
             represented the Settlement Class. ................................. 9

        3.    The Settlement was negotiated at arm's length. ....................... 10

        4.    The complexity, cost, risk, and delay associated
             with further litigation supports approval. ................................. 12

            a.    Further litigation would lead to significant costs and
                delay. ........................................................................ 13

            b.    Continued litigation presents a significant risk of lower
                or no recovery for Class Members. ................................. 14

            c.    The extent of discovery completed and stage of
                proceedings support approval. ....................................... 15

            d.    The experience and views of Counsel support approval.
                 ........................................................................ 16

5.       The Settlement Class's reaction to the Settlement Supports approval. ....................................................17

6.       The public interest favors approval. ........................................18

7.       The other factors set forth in Rule 23(e)(2) support final approval. ...........................................................18

    a.       The proposed method of distributing relief to the Class is effective and efficient. ...................................................18

    b.       The requested attorneys' fees and expenses are fair and reasonable. ...................................................................19

    c.       The Settlement treats Settlement Class Members equitably. ...................................................................19

III.   THE COURT SHOULD CERTIFY THE SETTELEMENT CLASS ...............................................................................20

IV.   NOTICE TO THE SETTLEMENT CLASS SATISFIED RULE 23 ................................................................................20

V.    THE COURT SHOULD APPOINT CLASS COUNSEL............................22

VI.   CONCLUSION.................................................................................22

010684-11/2758384 V1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Arledge v. Domino's Pizza, Inc.*,
2018 WL 5023950 (S.D. Ohio Oct. 17, 2018) ...................................................11

*Athan v. U.S. Steel Corp.*,
523 F. Supp. 3d 960 (E.D. Mich. 2021) ......................................................*passim*

*Bledsoe v. FCA US LLC*,
No. 4:16-cv-14024-TGB-RSW....................................................................14

*In re Canadian Superior Sec. Litig.*,
2011 WL 5830110 (S.D.N.Y. Nov. 16, 2011)...................................................12

*In re Cardizem CD Antitrust Litig.*,
218 F.R.D. 508 (E.D. Mich. 2003) ................................................................6, 7

*Daoust v. Maru Rest., LLC*,
2019 WL 2866490 (E.D. Mich. July 3, 2019)............................................*passim*

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*,
248 F.R.D. 483 (E.D. Mich. 2008) ...................................................................12

*Fidel v. Farley*,
534 F.3d 508 (6th Cir. 2008) ...........................................................................20

*In re Flint Water Cases*,
571 F. Supp. 3d 746 (E.D. Mich. 2021) ......................................................*passim*

*Griffin v. Flagstar Bancorp, Inc.*,
2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ..................................................7

*IUE-CWA v. Gen. Motors Corp.*,
238 F.R.D. 583 (E.D. Mich. 2006) .....................................................................6

*Leonhardt v. ArvinMeritor, Inc.*,
581 F. Supp. 2d 818 (E.D. Mich. 2008) .............................................................5

*In re Nationwide Fin. Servs. Litig.*,
2009 WL 8747486 (S.D. Ohio Aug. 19, 2009) .............................................6, 17

*In re Netflix Priv. Litig.*,
   2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ....................................................12

*New England Health Care Emps. Pension Fund v. Fruit of the Loom,*
   *Inc.*,
   234 F.R.D. 627 (W.D. Ky. 2006) .......................................................................13

*N.Y. State Tchrs.' Ret. Sys. v. Gen. Motors Co.*,
   315 F.R.D. 226 (E.D. Mich. 2016) .............................................................15, 20

*In re Polyurethane Foam Antitrust Litig.*,
   168 F. Supp. 3d 985 (N.D. Ohio 2016) ....................................................7, 8, 14

*UAW v. Gen. Motors Corp.*,
   2006 WL 891151 (E.D. Mich. Mar. 31, 2006) ..................................................17

*UAW v. Gen. Motors Corp.*,
   497 F.3d 615 (6th Cir. 2007) ....................................................................*passim*

*Williams v. Vukovich*,
   720 F.2d 909 (6th Cir. 1983) .............................................................................16

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 ...............................................................................*passim*

Fed. R. Civ. P. 23 Advisory Committee's note to 2018 amendment .......................5

010684-11/2758384 V1

## STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should approve the proposed settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)?

Suggested Answer: **Yes.**

2.      Whether the Court should finally certify the Action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) for purposes of effectuating the Settlement only?

Suggested Answer: **Yes.**

3.      Whether the Court should appoint Hagens Berman Sobol Shapiro, LLP, The Miller Law Firm, P.C., Seeger Weiss, LLP, and Carella, Byrne, Cecchi, Brody & Agnello, P.C. as Co-Lead Class Counsel?

Suggested Answer: **Yes.**

010684-11/2758384 V1

## STATEMENT OF CONTROLLING OR
## MOST IMPORTANT AUTHORITY

- *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960 (E.D. Mich. 2021)

- *Daoust v. Maru Rest., LLC*, 2019 WL 2866490 (E.D. Mich. July 3, 2019)

- *In re Flint Water Cases*, 571 F. Supp. 3d 746 (E.D. Mich. 2021)

- *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)

- Fed. R. Civ. P. 23(e)

## I.    INTRODUCTION

Plaintiffs, on behalf of themselves and the proposed Class, respectfully submit this Memorandum of Law in Support of their Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion") and respectfully move the Court for final approval of the proposed Class Action Settlement ("Settlement" or "Settlement Agreement") entered into with Defendants FCA US LLC ("FCA US") and Cummins Inc. ("Cummins"), as set forth in the Settlement Agreement. The Settlement Agreement has met with virtually unanimous approval from the Settlement Class, with **zero** objections submitted, and only ten out of over 33,000 Class Members requesting exclusion.

Subject to this Court's final approval, Plaintiffs, through their counsel, have negotiated the Settlement with FCA US and Cummins, in exchange for the release of all claims brought in this Action. As described below and in the Joint Declaration submitted in support of Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Incentive Awards ("Joint Declaration," ECF No. 109-2, PageID.8346), the Settlement is an excellent result for the Settlement Class, providing a significant and certain benefit to vehicle owners in a case that presented numerous hurdles and risks, including those of continued litigation.

Class Counsel secured the settlement through years of hard-fought negotiations informed by settlement discovery and independent expert analysis. Class Counsel's

- 1 -

efforts included early direct settlement discussions with both Defendants, including the exchange of settlement discovery sufficient to allow the parties to assess the claims and the settlement value of the case, which information was supplemented with independent expert analysis conducted on Plaintiffs' vehicles to test the asserted theories. The direct negotiations were followed by formal mediations resulting first in a partial settlement with Defendant Cummins, and then after further extensive negotiations and a second mediation, the global settlement currently before the Court.

By any measure, the Proposed Settlement represents an excellent result. It provides meaningful benefits to the Settlement Class while avoiding the substantial risks and delays of continued litigation. While Plaintiffs believe that their claims are meritorious, they also recognize that, in the absence of a settlement, they faced substantial risks to obtaining any benefit for the Settlement Class—let alone a benefit greater than that afforded by the Settlement. In reaching the Settlement, Plaintiffs and Class Counsel also carefully considered the risks (and delay) of continued litigation, class certification, and a potential jury trial. Given that there is no guarantee that Plaintiffs' allegations would survive a motion to dismiss, motion for class certification opposition, or motion for summary judgment, the adequacy of the Settlement here is underscored.

As detailed below and in the Joint Declaration, Class Counsel vigorously pursued this litigation from its outset, and were fully prepared to continue down the

path towards trial. Among their efforts, Class Counsel: (i) conducted a thorough legal and factual investigation into the Settlement Class's claims; (ii) researched and drafted the original and amended complaint; (iii) engaged in settlement fact discovery, including the review and analysis of documents produced by Defendants and production of relevant Plaintiff documents; (iv) employed experts to conduct independent analysis of Plaintiffs' vehicles; and (v) engaged in numerous and hard-fought settlement negotiations under the supervision of experienced mediators Judge Morton Denlow (Ret.) and Thomas McNeill.

The Court preliminarily approved the Settlement, and provisionally certified the Settlement Class for purposes of effectuating the Settlement, by Order dated June 7, 2024 (the "Preliminary Approval Order"). ECF No. 108, PageID.8310. By the same Order, the Court approved the process by which Settlement Class Members would receive notice of the Settlement and submit claims, objections, or requests for exclusion. The deadlines to submit objections and requests for exclusion from the Settlement Class have passed, with only ten requests for exclusion having been submitted to the Settlement Administrator, JND Legal Administration ("JND").[2] *See* Exhibit 1, Jarjoura Declaration, ¶¶ 18-19. And significantly, there were no objections

---

[2] Pursuant to the Preliminary Approval Order, the deadline for requests for exclusion and objections was 75 days after the Preliminary Approval Order, which was August 21, 2024.

to the Settlement. *Id.*, ¶¶ 20-21. This means that of the 33,581 Class Members,[3] only 0.029% of Settlement Class Members sought exclusion and <u>no</u> Settlement Class Members objected.

The Settlement readily meets the standards for final approval under Rule 23 and is a fair, reasonable, and adequate result for the Settlement Class. Accordingly, Plaintiffs respectfully request that the Court grant final approval of the Settlement. Plaintiffs also request that the Court finally certify the Settlement Class for purposes of effectuating the Settlement pursuant to Rules 23(a) and (b)(3), consistent with the Court's provisional certification of the Settlement Class in its Preliminary Approval Order.[4]

## II.     ARGUMENT

### A.     The settlement readily meets the standard for final approval.

Rule 23(e) requires judicial approval for any settlement of class action claims. Where, as here, a settlement is binding on class members, the Court may approve it "only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a settlement is fair, reasonable, and

---

[3] The Parties initially identified 33,842 potential class members, which, through the process of standardizing, de-duplicating, and removing excluded class members (FCA-affiliated entities) resulted in a list of 33,581 potential Class Members. *Id.*, ¶¶ 4-5.

[4] Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 107, PageID.8126), and the reasons supporting certification of the Settlement Class set forth therein, are incorporated herein by reference.

adequate, Rule 23(e)(2) directs the Court to examine whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Consistent with Rule 23(e), courts in this Circuit consider the following seven factors in determining whether a class action settlement should be approved:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *accord Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960 (E.D. Mich. 2021); *Daoust v. Maru Rest., LLC*, 2019 WL 2866490 (E.D. Mich. July 3, 2019); *In re Flint Water Cases*, 571 F. Supp. 3d 746, 769 (E.D. Mich. 2021). In its analysis, the Court "may choose to 'consider only factors that are relevant to the settlement and may weigh particular factors according to the demands of the case.'" *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 832 (E.D. Mich. 2008).[5]

---

[5] The December 1, 2018 amendments to Rule 23(e)(2) were not intended to "displace any factor" used by courts to assess final settlement approval, but rather to focus on core substantive and procedural concerns to guide the approval decision. Fed.

The determination of whether a settlement is fair, reasonable, and adequate "is committed to the sound discretion of the district court." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006). In making this determination, the Court must consider "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich. 2003). "[W]hile courts have discretion in determining whether to approve a proposed settlement, they should be hesitant to engage in a trial on the merits or to substitute their judgment for that of the parties who negotiated the proposed settlement." *In re Nationwide Fin. Servs. Litig.*, 2009 WL 8747486, at *2 (S.D. Ohio Aug. 19, 2009). "Thus, in determining the reasonableness and adequacy of a proposed settlement, the Court should ascertain whether the settlement is within a 'range of reasonableness,' . . . and in the end, the Court's determinations are no more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Id.* (quoting *Leonhardt*, 581 F. Supp. 2d at 831 and *Officers for Just. v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982)). In determining whether to approve a settlement, courts should also recognize

---

R. Civ. P. 23 Advisory Committee's note to 2018 amendment. The factors in amended Rule 23(e)(2) are entirely consistent with the factors used by the Sixth Circuit to assess final settlement approval and both sets of factors are addressed in the sections below.

"the federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632.[6]

As demonstrated herein and in the Joint Declaration, the Settlement readily satisfies each of the factors enumerated in Rule 23(e)(2) and traditionally considered by courts in the Sixth Circuit, furthers the favored public policy goal of resolving class action claims through negotiated settlements, and warrants final approval.

## B. Both the Rule 23(e)(2) factors and the Sixth Circuit final approval factors support approval of the Settlement.

### 1. The relief provided to the Settlement Class is Adequate.

A key factor that courts consider in assessing approval of a class action settlement is plaintiffs' likelihood of success on the merits balanced against the relief offered in the settlement. *UAW*, 497 F.3d at 631; *In re Flint Water*, 571 F. Supp. 3d at 778-79.

"The possibility 'that the settlement could have been better . . . does not mean the settlement presented was not fair, reasonable or adequate,' because '[s]ettlement is the offspring of compromise; the question . . . is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion.'" *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 1001 (N.D. Ohio 2016) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir.

---

[6] *See also Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013) ("[T]he law favors the settlement of class action lawsuits."); *Cardizem*, 218 F.R.D. at 530 ("[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable[.]'").

1998)) (alterations in original).

As outlined in the Preliminary Approval Motion (ECF No. 107, PageID.8145), the benefits included in the Settlement consist of cash payments to be mailed to Class Members in an amount currently expected to be approximately $106.03 per Class Vehicle.[7] These payments are meaningful and significant, and will be provided to Class Members without any administrative burden on Class Members, who will receive their checks in the mail without needing to submit a claim form or other documentation. The result is also significant in light of the risks of further litigation and the real possibility of obtaining no relief whatsoever, discussed further below. While Plaintiffs are confident in the merits of their claims and believe they could have ultimately prevailed against Defendants, they recognize the numerous risks that would accompany further litigation. As a result, the relief provided to the Settlement Class is more than adequate since "there was a very real risk of complete non-recovery." *In re Polyurethane Foam*, 168 F. Supp. 3d at 1001.

---

[7] The Preliminary Approval Motion estimated the per-vehicle recovery to be $100.40, based upon estimates of Class size and litigation costs. That estimate has been revised upward to $106.03 per Class Vehicle based upon Class Counsel's request for costs in the amount of $325,299.52 and the reduction of Class size by 261 to eliminate FCA-affiliated entities from the Class list. The per-vehicle recovery estimate assumes the Court will approve $5,000 incentive payments for the Plaintiffs and Proposed Class Representatives, award 30% of the Net Settlement Fund as attorney's fees, approve Class Counsel's request for costs in the amount of $325,299.52, and approve the Settlement Administrator's costs for providing notice and distributing payments estimated to be $229,000.00. The precise amount to be sent to each Class Member may vary slightly from the estimated amount depending on the actual cost of Settlement Administration, but any variation is expected to be slight.

2.    **Plaintiffs and Class Counsel adequately represented the Settlement Class.**

Final approval of the Settlement is also warranted under Rule 23(e)(2)(A) because Plaintiffs and Class Counsel "have adequately represented the class." Here, Plaintiffs have actively monitored and engaged in the prosecution and resolution of the Action on behalf of the Settlement Class. To this end, Plaintiffs regularly communicated with Class Counsel on case developments, reviewed Court filings, and conferred with Class Counsel throughout the Parties' settlement negotiations. Plaintiffs also provided documentation and information about their vehicles for production to Defendants as part of the settlement negotiation discovery process and permitted their vehicles to be analyzed by Plaintiffs' experts to assess the claims asserted in this case and assist in the settlement negotiation process. These efforts were critical to Class Counsel's ability to accurately assess the strengths and weaknesses of the case, determine an appropriate settlement value, and maximize the recovery for Class Members by avoiding significant litigation expenses.

In addition, Plaintiffs—whose vehicles are alleged to suffer from the same defect as all other Class Vehicles, and whose claims arise from the same course of conduct by Defendant—have claims that are typical of other Settlement Class Members and their interests are aligned.[8] *See UAW*, 497 F.3d at 626 (representation

---

[8] Through the course of reviewing the final list of Settlement Class Members, it was discovered that some Plaintiffs were not members of the Settlement Class because

adequate where class members' "legal interests parallel the named representatives' interests").

Class Counsel have also adequately represented the Settlement Class. As detailed in the Joint Declaration, Class Counsel actively litigated this Action and undertook a substantial investigation with their experts, a review of informal and formal discovery provided by FCA US and Cummins, and engaged in protracted settlement negotiations with both parties. With the knowledge gleaned from these efforts, Class Counsel carefully considered the strengths and weaknesses of the claims asserted and the risks of further litigation when agreeing to resolve the Action. Class Counsel firmly believe the Settlement represents an excellent result in the best interests of the Settlement Class. *See UAW*, 497 F.3d at 626 (finding representation adequate because counsel "was willing to, and indeed did, commit substantial 'resources . . . to representing the class'") (alteration in original).

### 3.   The Settlement was negotiated at arm's length.

Rule 23(e)(2)(B) and the first *UAW* factor—the nature of the negotiations and the risk of fraud or collusion—also support final approval because the Settlement was reached only after arm's-length negotiations facilitated by two experienced and well-

---

they purchased their vehicles outside the Class Period (which was defined with reference to the date Defendants were alleged to have discovered the defect to the date they initiated the recall repair). However, several Plaintiffs are Settlement Class Members, with identical claims to Class Members. Moreover, the non-Class Member Plaintiffs contributed to the Settlement and resolution of this case by providing documents, information, and vehicle data and actively participating in the litigation.

respected mediators. Without evidence to the contrary, the court may presume that settlement negotiations were conducted in good faith and that the resulting agreements were reached without collusion. *Athan*, 523 F. Supp. 3d at 966; *In re Flint Water*, 571 F. Supp. 3d at 780.

Here, the Parties' settlement negotiations were extensive and included the determined assistance of two experienced mediators. Over the course of over two years, the Parties participated in settlement negotiations, including two formal mediation sessions with the assistance of experienced mediators Judge Morton Denlow (Ret.) and Tom McNeil. The Parties have also engaged in numerous individual discussions with the mediators and countless arm's-length negotiations with each other. These extensive negotiations included the production of documents and information by Cummins and FCA US, as well as Plaintiffs' consultation with experts to provide independent analysis of the alleged Defects potential damages. As such, the risk that the Settlement was the product of collusion is effectively non-existent. *See Arledge v. Domino's Pizza, Inc.*, 2018 WL 5023950, at *2 (S.D. Ohio Oct. 17, 2018) ("[P]articipation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion[.]"); *see also Daoust*, 2019 WL 2866490, at *2 ("To help resolve the case, the parties enlisted the services of a retired Federal Judge, Judge Steven Rhodes, in facilitating the Parties' mediation, thereby reinforcing that the Settlement Agreement

is non-collusive."); *In re Flint Water*, 571 F. Supp. 3d at 780 ("There appears to be no better evidence of a truly adversarial bargaining process than the presence of a neutral third party mediator.") (citation omitted).[9]

### 4. The complexity, cost, risk, and delay associated with further litigation supports approval.

Rule 23(e)(2)(C)(i) and the second *UAW* factor further support final approval of the Settlement, as "[c]ourts have consistently held that the expense and possible duration of litigation are major factors to be considered in evaluating the reasonableness of a settlement." *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 497-98 (E.D. Mich. 2008) ("[T]he proposed Settlements secure . . . an immediate benefit, after approximately two years of litigation, undiminished by further expenses and without the delay, risk and uncertainty of continued litigation."); *Athan*, 523 F. Supp. 3d at 967 ("The complexity, expense, and length of continued litigation militate in favor of this settlement."). As discussed below, if the Action continued, the Settlement Class faced protracted delays, substantial litigation costs, and significant risks.

---

[9] *See also In re Canadian Superior Sec. Litig.*, 2011 WL 5830110, at *2 (S.D.N.Y. Nov. 16, 2011) ("[A] strong presumption of fairness attaches because the settlement was reached by experienced counsel after arm's length negotiations."); *In re Netflix Priv. Litig.*, 2013 WL 1120801, at *4 (N.D. Cal. Mar. 18, 2013) ("[P]resumption of fairness and reasonableness of a settlement agreement where that agreement was the product of non-collusive, arms' length negotiations conducted by capable and experienced counsel.").

### a.   Further litigation would lead to significant costs and delay.

The Parties engaged in mediation efforts following the resolution of Defendants' Motions to Dismiss, and prior to the completion of discovery and the filing of dispositive motions. If the Settlement had not been reached, continued litigation of the Action—through motion practice associated with in-depth fact discovery, expert discovery, class certification, *Daubert* and dispositive motion practice, pre-trial preparation, and post-trial appeals—would have undoubtedly been a long and expensive endeavor. *See Daoust*, 2019 WL 2866490, at *2 (approving settlement where, "[i]f forced to litigate this case further, the Parties would certainly engage in complex, costly and protracted wrangling").

In contrast, the Settlement has provided an immediate and substantial benefit for the Settlement Class without exposing Settlement Class Members to the risk, expense, and delay of continued litigation. *See id.* ("The Settlement, on the other hand, provides substantial relief to Representative Plaintiff and the Class Members promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution."); *New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 631 (W.D. Ky. 2006) ("Consideration of the possible expense, duration, and complexity of this litigation also weighs in favor of the proposed settlements.").

**b.    Continued litigation presents a significant risk of lower or no recovery for Class Members.**

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *In re Polyurethane Foam*, 168 F. Supp. 3d at 995 (quoting *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)). Here, Plaintiffs faced significant risks to both certifying a class and establishing Defendants' liability if the Action continued through summary judgment and trial.

As is the case in any class action, Plaintiffs faced significant risks at the class certification, summary judgment, and trial stages—needing to prevail on all three to recover relief for the class. Defendants have demonstrated, in a similar case also brought before this Court (*Bledsoe v. FCA US LLC*, No. 4:16-cv-14024-TGB-RSW), that they are willing and able to engage in hard-fought litigation over the course of multiple years, to fight potential liability in class action cases.[10] Typically, defendants in automotive defect class actions argue that there is no common defect, that state law bars plaintiffs' legal claims, that the class cannot be certified for predominance, commonality, typicality, or adequacy reasons, that plaintiffs did not suffer damages, or that plaintiffs do not have the necessary evidence to prove their legal claims at trial.

---

[10] As this Court is aware, Defendants' efforts in *Bledsoe* have been successful to date, as that case was ultimately dismissed on preemption grounds and is currently on appeal to the Sixth Circuit.

This would have resulted in tens or hundreds of thousands of hours and millions of dollars in expenses, on both sides, being dedicated to this case.

However, pursuant to the Settlement, the Settlement Class has received a substantial benefit without having to undertake these risks, and others, which weighs strongly in favor of final approval. *Athan*, 523 F. Supp. 3d at 967-68 ("There are many unique factual and novel legal issues in this matter that make it difficult for the Parties to gauge their respective likelihood of success, resulting in a considerable risk to each side. Thus, the Court agrees that this proposed settlement is a fair and reasonable settlement in relation to the potential risks and uncertain recovery in this case."); *Daoust*, 2019 WL 2866490, at *2 ("Here, the fact-intensive nature of Plaintiffs' claims and Defendant's affirmative defenses present risk. The settlement eliminates this uncertainty.").

### c.   The extent of discovery completed and stage of proceedings support approval.

"The relevant inquiry with respect to [the third *UAW*] factor is whether the plaintiff has obtained a sufficient understanding of the case to gauge the strengths and weaknesses of the claims and the adequacy of the settlement." *N.Y. State Tchrs.' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 236 (E.D. Mich. 2016). In this case, Class Counsel spent significant time and resources analyzing the legal and factual issues of this case, including, inter alia: (i) conducting a thorough legal and factual investigation; (ii) drafting a detailed Amended Complaint supported by hundreds of

pages of exhibits; (iii) engaging in significant discovery through the Parties' mediation efforts and formal discovery, including the production and review of approximately 5,000 documents by FCA US; (iv) engaging in significant consultation with experts to provide independent analysis of the alleged Defect and potential damages; and (v) engaging in a hard-fought mediation process.

As such, "all of aspects of the dispute are well-understood by both sides, and the parties have completed enough discovery to recommend settlement." *Daoust*, 2019 WL 2866490, at *2; *Athan*, 523 F. Supp. 3d at 967 ("The Court is satisfied that the Parties reviewed all of the exchanged and available information and used it to evaluate the merits of their respective claims or defenses in comparison to the costs and risks associated with further litigation.").

### d.    The experience and views of Counsel support approval.

The fifth *UAW* factor also supports the Settlement, as courts recognize that the opinion of experienced and knowledgeable counsel supporting settlement after vigorous arm's-length negotiation is entitled to considerable weight. *See Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983). Class Counsel, who have extensive experience prosecuting complex class actions (*see* ECF No. 107), are intimately familiar with the facts and legal issues involved in the Action and firmly believe that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Likewise, Defendants were represented by highly experienced and

skilled counsel who vigorously defended their clients.

Class Counsel's opinion that the proposed Settlement is fair "is entitled to significant weight, and supports the fairness of the class settlement." *UAW v. Gen. Motors Corp.*, 2006 WL 891151, at *18 (E.D. Mich. Mar. 31, 2006); *Daoust*, 2019 WL 2866490, at *3; *Athan*, 523 F. Supp. 3d at 967-68.

**5.   The Settlement Class's reaction to the Settlement Supports approval.**

"In considering a class action settlement, the Court should also look to the reaction of the class members." *Nationwide*, 2009 WL 8747486, at *7. In accordance with the timeline provided in the Preliminary Approval Order, JND mailed copies of the Notice to 33,581 Settlement Class Members. *See* Exhibit 1, Jarjoura Declaration, at 2 ¶ 8. The deadlines for Settlement Class Members to object to the Settlement, or to request exclusion from the Settlement Class, have both passed. The response to the Settlement has been overwhelmingly favorable. There have only been 10 requests for exclusion and <u>no</u> objections. *Id.*, ¶¶ 18-21. This means that only 0.029% of Settlement Class Members sought exclusion and <u>no</u> Settlement Class Members objected. These percentages support final approval of the Settlement. *See Daoust*, 2019 WL 2866490, at *3 ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness."); *In re Flint Water*, 571 F. Supp. 3d at 783-84 (granting final approval of settlement despite "a very small percentage" of class members objecting to its terms).

- 17 -

**6.      The public interest favors approval.**

The final *UAW* factor strongly supports this Settlement. "The Sixth Circuit has recognized that 'the law generally favors and encourages the settlement of class actions.'" *Daoust*, 2019 WL 2866490, at *3 (quoting *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981)); *In re Flint Water*, 571 F. Supp. 3d at 784. The Settlement furthers this policy and promotes judicial efficiency; it resolves at once the claims of the entire Settlement Class and avoids further litigation.

**7.      The other factors set forth in Rule 23(e)(2) support final approval.**

Rule 23(e)(2), as amended, also considers: (i) the effectiveness of the proposed method of distributing relief to the class, including the method of processing class-member claims; (ii) the terms of any proposed award of attorneys' fees, including timing of payment; (iii) any agreement made in connection with the proposed settlement; and (iv) the equitable treatment of class members. *See* Rule 23(e)(2)(C)(ii), (iii), and (iv); Rule 23(e)(2)(D). Each of these additional considerations also supports final approval of the Settlement.

**a.      The proposed method of distributing relief to the Class is effective and efficient.**

The method of distributing Class Members' relief is effective and efficient. Class Members are automatically entitled to Settlement payments without having to submit any claim form or take any other steps. All Class Members will automatically receive a cash payment of approximately $106.03, mailed to their address of record.

No claim form is required, and no administrative burden falls on Class Members.

### b.    The requested attorneys' fees and expenses are fair and reasonable.

Class Counsel previously filed a Motion for Attorneys' Fees, Expenses, and Incentive Awards (ECF No. 109, PageID.8313) ("Fee and Expense Motion"), which is incorporated by reference. As detailed therein, Class Counsel is applying to the Court for attorneys' fees in the amount of $1,800,000, and expenses in the amount of $325,299.52. These amounts include all fees, costs, and expenses incurred by Class Counsel in connection with this litigation and are reasonable given the risk and complexity of the case and the skill and effort expended by Counsel. Class Counsel is also applying to the Court for service awards of $5,000 for each Plaintiff, for a total of $85,000 in service awards. Like the relief sought through this Motion, Defendants do not oppose Class Counsel's Fee Motion.

### c.    The Settlement treats Settlement Class Members equitably.

Finally, the proposed Settlement treats all Settlement Class Members equitably relative to one another. There is no preferential treatment for any member of the Settlement Class. Plaintiff class members will receive the same benefit as all Settlement Class Members, with Court-approved service awards providing compensation to Plaintiffs for efforts they expended on behalf of the Settlement Class,

010684-11/2758384 V1

which were crucial to the successful settlement.[11]

## III.   THE COURT SHOULD CERTIFY THE SETTELEMENT CLASS

In its Preliminary Approval Order, the Court provisionally certified the Settlement Class for settlement purposes. *See* ECF No. 108, PageID.8311, ¶ 2. Nothing has changed to alter the propriety of the Court's provisional certification and, for all the reasons stated in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 107), Plaintiffs respectfully request that the Court finally certify the Settlement Class for purposes of settlement. *See N.Y. State Tchrs.' Ret. Sys.*, 315 F.R.D. at 235 (approving certification of settlement class where "[n]othing ha[d] changed to alter the Court's" provisional certification in the preliminary approval order).

## IV.   NOTICE TO THE SETTLEMENT CLASS SATISFIED RULE 23

Rule 23(e)(1)(B) requires that notice of the proposed settlement be given "in a reasonable manner to all class members who would be bound by the proposal." Rule 23(c)(2)(B) further requires certified classes to receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." "To comport with the requirements of due process, notice must be 'reasonably calculated to reach interested parties.'" *Fidel*

---

[11] Rule 23(e)(2)(C)(iv) asks the Court to consider any additional agreements made by the Parties in connection with the Settlement. The Settlement (and its related exhibits) is the only agreement made by the Parties in connection with the Settlement.

*v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008).

Here, both the content of the Court-approved Notice and its distribution to Settlement Class Members satisfy all applicable notice requirements. In accordance with the Preliminary Approval Order, JND disseminated, via U.S. mail, the Short Form Class Notice to the last known address of each potential member of the Settlement Class. Exhibit 1, Jarjoura Declaration, ¶¶ 8-11. The Long Form Notice, as well as the Settlement, Preliminary Approval Order, and other relevant documents, were also posted on the Settlement website. *Id.*, ¶¶ 12-13. JND further established a toll-free telephone number and email address for receiving and responding to Class Member inquiries. *Id.*, ¶¶ 16-19.

Here, the Notice satisfies all of Rule 23's requirements. The language of the Class Notice was drafted and agreed to by the Parties and was written in plain, simple terminology, including: (1) a description of the Settlement Class; (2) a description of the claims asserted in the action; (3) a description of the Settlement and release of claims; (4) the deadlines for requesting exclusion; (5) the identity of Class Counsel for the Settlement Class; (6) the Final Approval Hearing date; (7) an explanation of eligibility for appearing at the Final Approval Hearing; and (8) the deadline for objecting to the Settlement. The Class Notice thus allowed Settlement Class Members to make an informed and intelligent decision on whether to exclude themselves or object to the Settlement. In addition, pursuant to Rule 23(h), the proposed Class

Notice set forth the maximum attorneys' fees and service awards that may be sought.

In sum, the Notice provided sufficient information for Settlement Class Members to make informed decisions regarding the Settlement, fairly apprised them of their rights with respect to the Settlement, was the best notice practicable under the circumstances, and complied with the Court's Preliminary Approval Order, Rule 23, and due process. Comparable notice programs are routinely approved by courts in this Circuit. *See, e.g.*, *Daoust*, 2019 WL 2866490, at *4.

## V.    THE COURT SHOULD APPOINT CLASS COUNSEL

In its Preliminary Approval Order, the Court conditionally appointed Class Counsel. *See* ECF No. 107, PageID.8311, ¶ 3. For the reasons outlined in Plaintiffs Motion for Preliminary Approval (ECF No. 107), Plaintiffs respectfully request that the Court finally appoint Class Counsel.

## VI.    CONCLUSION

Plaintiffs respectfully request that the Court grant final approval of the Settlement, certify the Settlement Class, and appoint Class Counsel.

DATED: September 10, 2024

Respectfully submitted,

*/s/ Steve W. Berman*

Steve W. Berman
Jerrod C. Patterson
Garth Wojtanowicz
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com
Email: jerrodp@hbsslaw.com
Email: garthw@hbsslaw.com

E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
THE MILLER LAW FIRM PC
950 W. University Dr., Ste. 300
Rochester, MI 48307
Telephone: (248) 841-2200
Email: epm@millerlawpc.com
Email: dal@millerlawpc.com

Christopher A. Seeger
Christopher Ayers
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Telephone: (212) 584-0700
Email: cseeger@seegerweiss.com
Email: cayers@seegerweiss.com

James E. Cecchi
Zachary Jacobs
CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Email: JCecchi@carellabyrne.com
Email: ZJacobs@carellabyrne.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 10, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

By: */s/ Steve W. Berman* _____
Steve W. Berman

010684-11/2758384 V1