UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JEREMY RAYMO, et al.,** | **2:17-CV-12168-TGB-SDD** |
| Plaintiffs, | |
| | HON. TERRENCE G. BERG |
| vs. | |
| | **OPINION AND ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CLASS CERTIFICATION (ECF NO. 110)** |
| **FCA US LLC and CUMMINS INC.,** | |
| Defendants. | |
| | **AND GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARDS (ECF NO. 109)** |

Jeremy Raymo and sixteen others ("Plaintiffs") have arrived at a settlement of this long-running class action against FCA US LLC and Cummins Inc. ("Defendants," jointly, "the Parties") for damages arising from defects in Dodge Ram trucks. Plaintiffs now move this Court to grant their unopposed motion to certify their case as a class action, to finally approve their settlement, to award fees and expenses to Plaintiffs' attorneys, and to award Plaintiffs service awards. Defendants do not

1

oppose Plaintiffs' motions. The Court held a fairness hearing on the motions on November 19, 2024, ECF No. 112 (Transcript), has thoroughly examined those motions, and for the reasons that follow, Plaintiffs' motions are **GRANTED**.

## CONTENTS

I. BACKGROUND ...........................................................................3

II. CLASS CERTIFICATION ...........................................................4

A.    Requirements for Certification ........................................5

i.    Numerosity .........................................................................6

ii.    Commonality.......................................................................6

a.    Unjust Enrichment .............................................................7

b.    Fraudulent Affirmative Misrepresentation..........................10

iii.    Typicality.........................................................................11

iv.    Adequacy of Representation ............................................12

v.    Common Questions Predominate ....................................13

B.    Certification is Granted ...................................................15

III. SETTLEMENT APPROVAL......................................................16

A.    The Rule 23(e)(2) Factors, and Notice...................................17

i.    Class Representatives and Counsel Have Adequately Represented the Class........................................................17

ii.    The Settlement was Negotiated at Arm's Length.................18

iii.    The Relief Provided for the Class is Adequate ....................19

a.    The Risks of Litigation Favor Settlement............................19

b.    The Distribution Method Favors Settlement ......................20

c.    The Proposed Attorney's Fees and Expenses are Fair and Adequate ......................................................................21

d.    There are no Additional Agreements ..................................23

iv.    **The Proposal Treats Class Members Equitably**...................23

v.    **The Class Notice Satisfied Due Process** .................................25

B.    **The Sixth Circuit Factors, Some Already Addressed**..........26

i.    **Class Counsel Opinion Favors Settlement**...............................27

ii.    **Class Member Reaction Favors Settlement**...........................27

iii.    **The Public Interest Favors Settlement** .................................27

**IV. CONCLUSION**...................................................................................28

# I. BACKGROUND

This Order incorporates by reference the summary of facts and allegations in this case which the Court detailed in its Order Granting in Part and Denying in Part Defendants' Motions to Dismiss. ECF No. 50. In short, Plaintiffs are individuals who bought model year 2013-2017 Dodge 2500 and 3500 Ram Trucks with Cummins 6.7-liter diesel engines ("the Class Members," "the Trucks"). Plaintiffs allege that Defendants marketed the Trucks in a misleading way, and thereby defrauded Plaintiffs and unjustly enriched themselves. After Defendants' Motions to Dismiss, Plaintiffs remaining claims were for fraud and unjust enrichment. *Id.* at PageID.6383.

Following the Court's Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, ECF No. 50, Plaintiffs and Defendants pursued discovery and mediation, and were able to reach a negotiated resolution of the case ("the Settlement Agreement"). ECF No. 107, PageID.8139-40; ECF No. 107-2, PageID.8172-8215. The Court granted

Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 107, and authorized notice to the Class Members in the manner set out in that Unopposed Motion. ECF No. 108. Following completion of notice, Plaintiffs filed unopposed motions for Attorney's Fees, ECF No. 109, and for Final Approval of the Class Action Settlement. ECF No. 110. The Court conducted a fairness hearing at which all parties were given the opportunity to address the proposed settlement and answer questions posed by the Court. The motions are properly before the Court and ripe for disposition.

## II. CLASS CERTIFICATION

As part of their Motion for Final Approval of the Class Action Settlement, Plaintiffs move to have their class certified for settlement purposes. ECF No. 110, PageID.8413. They define the settlement class as:

> All persons and entities who purchased or leased a new 2013, 2014, or 2015 Dodge Ram 2500 or 3500 truck with Cummins Diesel between November 26, 2014 to July 13, 2016 in the following states: Alabama, Colorado, Florida, Georgia, Idaho, Kentucky, Michigan, Mississippi, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Utah, Virginia, and Washington[.]

*Id.* at PageID.8384.

Plaintiffs' Motion incorporates by reference their previous motion for preliminary approval of class action settlement and the reasons supporting certification therein. ECF No. 107, PageID.8397.

### A.    Requirements for Certification

A settlement class must satisfy Federal Rule of Civil Procedure Rule 23(a) and Rule 23(b). *In re Polyurethane Foam Antitrust Litig.*, 135 F. Supp. 3d 679, 684 (N.D. Ohio 2015) (*quoting Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("*Amchem*"). Plaintiffs "must actually *prove*–not simply plead–that their proposed class satisfies each requirement" that Rule 23 imposes. *In re Nissan N. Am., Inc. Litig.*, 122 F.4th 239, 246 (6th Cir. 2024) ("*Nissan*") (*quoting Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014)). This Court must conduct a "rigorous analysis" to confirm that Plaintiff has met their burden. *In re Nissan*, 122 F.4th at 246 (*quoting Wal-Mart v. Dukes*, 564 U.S. 338, 351-52 (2011)). This is especially true where certification occurs along with settlement: "a district court must give 'undiluted, even heightened, attention' to [Rule 23's] protections before certifying a settlement-only class . . . ." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007) ("*UAW*") (*quoting Amchem*, 521 U.S. at 620).

The district court must hold a hearing to allow Class Members to object to the proposed settlement, and also to allow the Court to inquire about the fairness and adequacy of the settlement. *UAW*, 497 F.3d at 635.

Federal Rule of Civil Procedure 23(a) requires that the class is sufficiently numerous that joinder is unrealistic, that the combined claims raise common questions of law or fact, that the class

representatives' claims are typical of the claims of other class members, and that the named class representatives will fairly and adequately protect the interests of the class. *In re Nissan,* 122 F.4th at 246.

Federal Rule of Civil Procedure 23(b) requires that a proposed class action fall within one of three categories. Here, the parties agree that Plaintiffs' claims fall within the third category: that common questions of law and fact predominate over any questions affecting only individual class members, such that a class action would be superior to other methods for resolving the case. ECF No. 107, PageID.8158-59.

### i. Numerosity

Courts find that a proposed class is sufficiently numerous such that joinder is unrealistic where the class includes thousands of individuals. *See Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Here, the proposed class contains 33,581 members. It would be unrealistic to join so many individual plaintiffs in a single case, so the numerosity requirement for class actions is satisfied.

### ii. Commonality

Would-be class action claimants "must show that the action will 'resolve an issue that is central to the validity of each one of the claims.'" *Nissan,* 122 F.4th at 246 (*quoting Dukes,* 564 U.S. at 350). The Court "must walk through each cause of action, identify the relevant elements, and evaluate . . . whether the question [can] allow a decisionmaker to reach a yes-or-no answer for the class in one stroke." *Nissan,* 122 F.4th

at 246-47 (*quoting Doster v. Kendall*, 54 F.4th 398, 430-31) (internal quotation marks removed). But Plaintiffs "need only identify one common question to satisfy Rule 23(a)(2)'s commonality element." *Nissan*, 122 F.4th at 251.

Following the Court's Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, ECF No. 50, Plaintiffs' remaining claims are for state law unjust enrichment and fraudulent affirmative misrepresentation. *Id.* at PageID.6383. If this action proceeded to trial, it would resolve issues that are central to the validity of each of the claims: whether certain defects existed in the Trucks, and whether Defendants were aware of the defects. While the Settlement Agreement states that Defendants do not admit fault, Plaintiffs have shown that a class action would *resolve* the open questions of whether Defendants were unjustly enriched or engaged in fraudulent affirmative misrepresentation. The Court's discussion of the elements of these claims should not suggest anything beyond the Court's analysis of the requirements to certify a class action.

### a.   Unjust Enrichment

For Plaintiffs to prove their state law claims of unjust enrichment, they must prove that Defendants received money because of unfairness to Plaintiffs. That issue is central to the validity of each one of Plaintiffs' unjust enrichment claims. ECF No. 17, PageID.2472-78 (Plaintiffs' First Amended Class Action Complaint, listing their claims for unjust

enrichment); *see Hancock-Hazlett Gen. Const. Co. v. Trane Co.*, 499 So. 2d 1385, 1387 (Ala. 1986); *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008), as modified on denial of reh'g (Aug. 18, 2008); *Gonzalez v. Eagle Ins. Co.*, 948 So. 2d 1, 3 (Fla. Dist. Ct. App. 2006); *Sitterli v. Csachi*, 344 Ga. App. 671, 673 (2018) (citation omitted); *Vanderford Co. v. Knudson*, 144 Idaho 547, 557 (2007); *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009); *Wright v. Genesee Cnty.*, 504 Mich. 410, 419 (2019); *Willis v. Rehab Sols., PLLC*, 82 So. 3d 583, 588 (Miss. 2012); *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994); *Booe v. Shadrick*, 322 N.C. 567, 570 (1988); *Dailey v. Craigmyle & Son Farms, L.L.C.*, 2008-Ohio-4034, ¶ 20, 177 Ohio App. 3d 439, 449; *French Energy, Inc. v. Alexander*, 1991 OK 106, ¶ 11, 818 P.2d 1234, 1237; *Durst v. Milroy Gen. Contracting, Inc.*, 2012 PA Super 179, 52 A.3d 357, 360 (2012) (citation omitted); *U.S. Fid. v. U.S. Sports Specialty*, 2012 UT 3, ¶ 12, 270 P.3d 464, 468; *CGI Fed. Inc. v. FCi Fed., Inc.*, 295 Va. 506, 519 (2018); *Cox v. O'Brien*, 150 Wash. App. 24, 37 (2009).

Plaintiffs allege that Defendants received money by taking unfair advantage of Plaintiffs: "[Defendants] have benefitted from selling and leasing defective cars at a profit whose value was artificially inflated by [Defendants'] concealment of the Washcoat Defect and the Flash Defect . . . ." causing Plaintiffs to overpay for the Trucks. ECF No. 17, PageID.2626-27.

8

This would-be class action would resolve whether the defects existed. If the answer to that question is "yes," and the Trucks were defective, that would mean that the Trucks were less valuable than they would have been without the defect. If the Trucks were less valuable due to a defect which the Class Members did not know about, then that means that each Class Member paid a sum for each Truck which was higher than the amount which they would fairly have paid for the Truck if the Class Members knew their Truck had such a defect. Proof of defect enables each Class Member to show that they overpaid Defendants for their Truck. Since unjust enrichment requires each Class Member to show that they enriched Defendants unjustly, proof of defect allows this Court to answer the question of whether every Class Member unjustly "enriched" Defendants at all in one stroke. *See Nissan*, 122 F.4th at 246-47; *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 855 (6th Cir. 2013) ("*Whirlpool*") (finding commonality exists where proof whether a product was defective was a central issue for each class member's claim). The issue of whether the Trucks were defective is a common question. Because Plaintiffs "need only identify one common question to satisfy Rule 23(a)(2)'s commonality element," *Nissan*, 122 F.4th at 251, the commonality element of Rule 23(a)(2) is satisfied for Plaintiffs' unjust enrichment claims.

### b.    Fraudulent Affirmative Misrepresentation

Similarly, for Plaintiffs to prove each of their remaining state law claims for fraudulent affirmative misrepresentation, they must show that Defendants made material false statements about the defects. ECF No. 17, PageID.2472-78 (Plaintiffs' First Amended Class Action Complaint, listing their claims for fraudulent misrepresentation); *Bergen v. Baker*, 264 Mich. App. 376, 382 (2004); *Lawson v. Harris Culinary Enterprises, LLC*, 83 So. 3d 483, 493 (Ala. 2011); *Alafi v. Cohen*, 106 Cal. App. 5th 46, 65 (2024) (citations omitted); *Nielson v. Scott*, 53 P.3d 777, 779 (Colo. App. 2002); *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (internal quotation and citation omitted); *Grand Master Contracting, L.L.C. v. Lincoln Apartment Mgmt. Ltd. P'ship*, 314 Ga. App. 449, 451 (2012); *Faw v. Greenwood*, 101 Idaho 387, 389 (1980) (internal quotation and citation omitted); *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009); *Levens v. Campbell*, 733 So. 2d 753, 761 (Miss. 1999); *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997); *Liggett Grp., Inc. v. Sunas*, 113 N.C. App. 19, 30 (1993); *Brewer v. Bros.*, 82 Ohio App. 3d 148, 153 (1992); *Dawson v. Tindell*, 1987 OK 10, ¶ 5; *Martin v. Lancaster Battery Co.*, 530 Pa. 11, 19 (1992) (internal quotation and citation omitted); *State v. Apotex Corp.*, 2012 UT 36, ¶ 58 (internal quotation and citation omitted); *Caperton v. A.T. Massey Coal Co.*, 285 Va. 537, 553 (2013); *Stiley v. Block*, 130 Wash. 2d 486, 505 (1996).

If Plaintiffs proved that Defendants' statements that their treatment systems allowed the Trucks to comply with federal emissions mandates were false, *see* ECF No. 50, PageID.6371, this would resolve an issue that is central to each of the Class Members' state-law fraud claims: whether Defendants made a material misrepresentation. This proof would allow Plaintiffs to satisfy that element of fraud for every Class Member. The answer would be "yes" for each. *See Nissan*, 122 F.4th at 246-47. Accordingly, as the parties do not dispute this question, Plaintiffs have satisfied the commonality element of Rule 23 on their fraud claims as well as their unjust enrichment claims.

### iii.   Typicality

Plaintiffs have shown that their claims are typical of the Class Members' claims. "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 169 (E.D. Mich. 2006)(Lawson, J.), aff'd in part, remanded in part, 511 F.3d 554 (6th Cir. 2007) (*quoting In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir.1996)).

Here, Plaintiffs allege that the Trucks were manufactured in a defective way, and that this resulted in Plaintiffs unjustly enriching Defendants and being harmed by Defendants' alleged fraudulent affirmative misrepresentation. Because every Class Member purchased

a Truck, each Class Member could have enriched Defendants unjustly at the point of sale because of the defects, and each Class Member could have been affected by Defendants' alleged false representations concerning the Trucks emissions standards. *See Whirlpool*, 722 F.3d at 855-57 (finding typicality and commonality elements satisfied even without proof that all Class Members' products were defective because each Class Member would have suffered unjust enrichment from buying a defective product). Plaintiffs' and Class Members' injuries arise from the same conduct, so Plaintiffs' claims are typical of the Class Members, and Rule 23's typicality element is satisfied.

### iv.   Adequacy of Representation

"[To] satisfy the adequate representation requirements under Rule 23 . . . there must be an absence of a conflict of interest, and the presence of common interests and injury . . . ." between the Plaintiffs and the Class Members. *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998). As part of the adequacy inquiry, the Sixth Circuit requires "a showing of competent representation from the named parties and counsel . . . ." *Bowles v. Sabree*, 121 F.4th 539, 553 (6th Cir. 2024).

No conflict of interest exists between the Plaintiffs and the Class Members: Plaintiffs are attempting to vindicate a common interest and common injury suffered by all Class Members. By their zealous prosecution of the case, Plaintiffs are attempting to secure recovery for the entire class, not prejudice them in some way. Moreover, Plaintiffs'

counsel are competent, thorough, and experienced. They have secured billions of dollars in recovery for plaintiffs in other automobile class action settlements. ECF No. 107-6, PageID.8247; ECF No. 107-7, PageID.8275; ECF No. 107-8, PageID.8279; ECF No. 107-9, PageID.8292. And Plaintiffs' counsel have "actively litigated this Action and undertook a substantial investigation with their experts, a review of informal and formal discovery provided by [Defendants], and engaged in protracted settlement negotiations with [Defendants]." ECF No. 110, PageID.8403. The Plaintiffs and their counsel easily satisfy the Rule 23(a) adequacy requirement.

### v.   Common Questions Predominate

For the Court to certify Plaintiffs' case as a class action under Plaintiffs' argued method, Plaintiffs must prove that common questions of law and fact predominate over any questions affecting only individual Class Members, such that a class action would be superior to other methods to resolve the case. ECF No. 107, PageID.8158-59; *see* Fed. R. Civ. P. 23(b)(3).

"A plaintiff class need not prove that each element of a claim can be established by classwide proof," but rather that common questions *predominate*. *Whirlpool*, 722 F.3d at 858. Common questions predominate where "the certified liability class 'will prevail or fail in unison'" based on the answer to the questions the class has in common. *Whirlpool*, 722 F.3d at 859 (*quoting Amgen Inc. v. Connecticut Ret. Plans*

& *Tr. Funds*, 568 U.S. 455, 460 (2013)). The Court must also consider that the "class method is warranted particularly because class members are not likely to file individual actions." *Whirlpool*, 722 F.3d at 861 (*also quoting Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("The *realistic* alternative to a class action is not 17 million individual suits, but zero individual suits . . . .").

Here, the certified liability class will prevail or fail in unison based on the questions of whether the Trucks were defective and whether Defendants made false statements. This question would take up the bulk of proof in any adjudication of a Class Member's suit against Defendants. Without such proof, no unjust enrichment or fraudulent misrepresentation claim could prevail against Defendants. The individual questions of damages that each Class Member has allegedly suffered may be more individual, but those issues could be dealt with after the initial resolution of the existence of a defect in the Trucks. *See Whirlpool*, 722 F.3d at 860-861 (noting recognition of the principle that individual damage questions do not preclude class certification under Rule 23(b)(3), and *citing Comcast Corp. v. Behrend*, 569 U.S. 27, 42 (2013)(Ginsburg, J., dissenting)).

The existence of the defects, and the falsity of Defendants' statements concerning the defect, are *the* issues in the case. The importance of any differences in the specific injuries of individual Class Members allegedly caused by a defect or a misrepresentation are minor

14

in comparison to the importance of commonly proving what caused the injury for each Class Member.

In addition to the fact that the claims of each Class Member rise and fall on common proof of the alleged defect and the false statement, the Court recognizes that the alternative to allowing class treatment for Plaintiffs' case is to expect more than thirty thousand Class Members to file separate claims against Defendants for unjust enrichment and fraudulent misrepresentation. A class action is undoubtedly superior to such an unnecessary waste of resources to the courts, the parties, and the public. It makes no sense to require each Class Member to prove the existence of a defect and fraudulent misrepresentation thirty thousand times, when class treatment is available to efficiently resolve this complex and enormous dispute. Accordingly, the Court finds that questions of fact common to Class Members predominate over questions affecting only individual Class Members. Rule 23(b)(3) is satisfied.

### B.    Certification is Granted

Because Plaintiffs have proved, not merely pled, that their proposed class satisfies the requirements of Rule 23, the Court **ORDERS** that the following class is certified for settlement purposes for Plaintiffs' claims of unjust enrichment and fraudulent misrepresentation:

> All persons and entities who purchased or leased a new 2013, 2014, or 2015 Dodge Ram 2500 or 3500 truck with Cummins Diesel between November 26, 2014 to July 13, 2016 in the following states:

> Alabama, Colorado, Florida, Georgia, Idaho, Kentucky, Michigan, Mississippi, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Utah, Virginia, and Washington.

ECF No. 110, PageID.8384.

There are exclusions from the class:

> Excluded from the Settlement Class are: Cummins and FCA; any affiliate, parent, or subsidiary of Cummins or FCA US; any entity in which Cummins or FCA US has a controlling interest; any officer, director, or employee of Cummins or FCA US; any successor or assign of Cummins or FCA US; and any judge to whom this Action is assigned, and his or her spouse; individuals and/or entities who validly and timely opt out of the settlement; Class Members who previously released their claims in an individual settlement with respect to the issues raised in the Action.

ECF No. 107-2, PageID.8176.

### III. SETTLEMENT APPROVAL

With the class approved for settlement purposes, the Court must approve the Settlement Agreement Plaintiffs and Defendants have reached under Federal Rule of Civil Procedure 23(e). This decision is subject to the discretion of the Court. *Laskey v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 638 F.2d 954, 957 (6th Cir. 1981). Because the Settlement Agreement would bind Class Members., ECF No. 110, PageID.8397, the Court may only approve the settlement "after a hearing and only on finding that it is fair, reasonable, and adequate," considering several factors under Rule 23 and Sixth Circuit

caselaw. The Court held the required hearing on November 19, 2024. For the reasons that follow, the Court finds that the Settlement Agreement is fair, reasonable, and adequate.

### A.     The Rule 23(e)(2) Factors, and Notice

Under Rule 23(e)(2), the Court must consider the following factors in determining whether a class action settlement is fair, reasonable, and adequate: whether the class representatives and class counsel have adequately represented the class, whether the proposal was negotiated at arm's length, whether the relief provided for the class is adequate, and whether the proposal treats Class Members equitably relative to each other. Beyond that, the Court cannot certify a Rule 23(b)(3) class action such as this for settlement without finding that the notice to Class Members satisfies due process. *UAW*, 497 F.3d at 629-30.

### i.     Class Representatives and Counsel Have Adequately Represented the Class

The class representatives and their counsel have spent significant time and effort litigating this case, and have performed well in doing so. They filed hundreds of pages of briefing, obtained and reviewed more than five thousand documents in discovery, sought and performed mediation sessions, and successfully negotiated a multimillion dollar Settlement Agreement in the face of determined opposition from Defendants. ECF No. 109-2, PageID.8352-53; ECF No 110, PageID.8408-09. Moreover, the class representatives and their counsel performed well

in having their claims survive Defendants' Motion to Dismiss, allowing Plaintiffs to be in the position they are now where they can recover.

The class representatives themselves participated in the litigation by reviewing briefs and settlement documents, communicating with class counsel, gathering documents, and allowing invasive examination of their Trucks. ECF No. 112, PageID.8486-87. Courts find that facts such as these show that class representatives and class counsel adequately represented the class for Rule 23(e)(2) purposes. *See McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645, 662 (N.D. Ohio 2023).

### ii.    The Settlement was Negotiated at Arm's Length

Where a settlement was negotiated at arm's length, it makes it more likely that the settlement is fair and adequate: it helps prevent unfairly "collusive settlements" where the Plaintiffs and Defendants prejudice absent Class Members. *McKnight*, 655 F. Supp. 3d at 662 (*quoting* 4 Newberg and Rubenstein on Class Actions § 13:50 (6th ed.)). "There appears to be no better evidence of a truly adversarial bargaining process than the presence of a neutral third party mediator." *In re Flint Water Cases*, 571 F. Supp. 3d 746, 780 (E.D. Mich. 2021)(Levy, J.) (internal citations removed).

Here, the Parties came to their proposed Settlement Agreement after two formal mediation sessions with Judge Morton Denlow (Ret.) and Tom O'Neil, additional arm's length negotiations with each other, discovery by Defendants, and consultation by Plaintiffs with experts on

18

the subject of damages. *See* ECF No. 110, PageID.8404. This negotiation leads the Court to conclude that the Settlement Agreement is fair and adequate: the Parties fought hard on both sides to secure advantageous terms, and there is very little risk that the rights of absent Class Members were compromised.

### iii.   The Relief Provided for the Class is Adequate

Rule 23(e)(2)(C) instructs courts to look at several factors in making this determination: the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; the terms of any proposed award of attorney's fees, including timing of payment; and any agreement made in connection with the Settlement Agreement.

### a.   The Risks of Litigation Favor Settlement

Under the proposed Settlement Agreement, each of the 33,581 Class Members would receive approximately $106.03. ECF No. 110, PageID.8411-12. Cummins will pay $4,800,000 into the settlement fund, and FCA will pay $1,200,000. ECF No. 107-2, PageID.8182. There is no guarantee that the Class Members would receive anything if the case were to proceed to trial, and if they did, it could take years of trials and appeals for them to get relief. Under the Settlement Agreement, the Class Members will receive relief immediately.

Additionally, "[the] likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re*

*Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 995 (N.D. Ohio 2016). Without this Settlement Agreement, Plaintiffs and the Class Members would need to pursue this case past summary judgment, through what would certainly be more challenges to certification, to a trial on the existence of a defect and the nature of Defendants' statements, to difficult, individualized, and potentially speculative proofs of damages. Moreover, Plaintiffs are facing well-funded and well-represented Defendants capable of effectively defending any action. Through their advocacy, Defendants have already secured dismissal of almost all of Plaintiffs' claims in this case. *See* ECF No. 50. In light of the risks Plaintiffs would face in securing any recovery in this case, the millions of dollars recovered make the Settlement Agreement fair and adequate.

### b.  The Distribution Method Favors Settlement

Under the proposed Settlement Agreement, "[all] Class Members will automatically receive a cash payment of approximately $106.03, mailed to their address of record. No claim form is required, and no administrative burden falls on class members." ECF No. 110, PageID.8411-12. Within thirty days of the date the judgment approving the Settlement Agreement becomes final, Defendants are to deposit the settlement fund into an escrow account. The class administrator will use its best efforts to distribute the funds within fifteen days from the dates the funds become available. ECF No. 107-2 at PageID.8183-84,

PageID.8178. When Class Members do not need to submit claim forms to receive compensation, and when distribution is timely, courts find that a proposed distribution method is effective. *See McKnight*, 655 F. Supp. 3d at 663; *In re Flint Water Cases*, 571 F. Supp. 3d at 781. Because the Settlement Agreement would timely distribute the settlement funds to Class Members without their needing to submit claim forms, the Settlement Agreement is fair and adequate.

### c. The Proposed Attorney's Fees and Expenses are Fair and Adequate

Plaintiffs' counsel move for an award of $1,800,000 in attorney's fees, along with reimbursement of $325,299.52 for costs of litigation, for a total of $2,125,299.52. ECF No. 109, PageID.8314. This means Plaintiffs' attorneys would receive 35.42% of the $6,000,000 settlement.

Courts in the Sixth Circuit find that attorney's fee awards can be justified when the services were undertaken on a contingent fee basis. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). Courts also look at the value of the services on an hourly basis, along with the complexity of the litigation and the counsel's skill. *Id.* Here, class counsel has worked on contingency for the seven years the action has been pending, and have spent $325,299.52 in expenses. ECF No. 109, PageID.8334. This supports the fee amounts awarded, because such awards encourage successful litigation by would-be class counsel. Additionally, the attorney fee award is 23% *lower* than the value of the

services Plaintiffs' attorneys actually provided when calculated on an hourly rate during the course of this entire lawsuit. ECF 109-2, PageID.8352. This also suggests that the fee award is fair. *Ramey*, 508 F.2d at 1196.

This case has been complex, with class counsel needing to litigate issues of federal preemption and review complex disclosures of information. To this Court, class counsel has performed admirably in protecting the interests of the Class Members and securing this settlement. This favors a finding that the attorney's fee award is fair and adequate. *Id.*

Moreover, the attorney's fees award itself amounts to 30% of the total recovery of the class. Courts in the Sixth Circuit have found that attorney's fees awards which amount to around 30% of the total recovery are fair. *See Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546, 558 (E.D. Mich. 2023); *New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 635 (W.D. Ky. 2006). This award of fees and expenses, amounting to 35.42% of the recovery, is also fair, if a little high.

Rule 23(e)(2)(C)(iii) instructs the Court to consider the "timing of payment" for any award of attorney's fees. Here, the attorney's fees would be paid immediately upon their award by the Court. ECF No. 107-2, PageID.8186-87. However, if the settlement were reversed or terminated, the award would be refunded from class counsel. *Id.* In light of the

22

provisions allowing for a refund, the fact that the attorney's fees would be awarded immediately does not change the Court's determination that the award is fair and adequate.

### d.    There are no Additional Agreements

Rule 23(e)(2)(C)(iv) instructs the Court to consider whether the settlement is fair and adequate in light of "any agreement required to be identified under Rule 23(e)(3)," so, "any agreement made in connection with the proposal." Plaintiffs report that there are no additional agreements beyond the settlement agreement. ECF No. 110, PageID.8414.

### iv.    The Proposal Treats Class Members Equitably

The Settlement Agreement meets this Rule 23 requirement. At the fairness hearing, the Court noted that the Settlement Agreement provides higher incentive awards for Plaintiffs, the lead Class Members, than other settlements the Court had examined: it awards $5,000 to seventeen individual Plaintiffs, for a total of $85,000. *See* ECF No. 109, PageID.8313, ECF No 112, PageID.8486. The Court examined other cases, including cases which Plaintiffs cited, which awarded sums ranging from $5,000 to $30,000, *total*. *Daoust v. Maru Rest., LLC*, No. 17-CV-13879, 2019 WL 2866490, at *5 (E.D. Mich. July 3, 2019)(Berg, J.), *Arp v. Hohla & Wyss Enterprises, LLC*, No. 3:18-CV-119, 2020 WL 6498956, at *9 (S.D. Ohio Nov. 5, 2020)(Rice, J.); *Persad v. Ford Motor*

*Co.*, No. 17-CV-12599, 2021 WL 6198059, at *2 (E.D. Mich. Dec. 30, 2021)(Berg, J.).

In response to the Court's questioning, Plaintiffs' counsel noted that lead Plaintiffs performed the kinds of services which justify service awards: working with counsel, providing information for settlement and technical discovery, and "sacrificing their own privacy" by allowing experts to "install tracking devices in [Plaintiffs'] vehicles" to produce data which was used to negotiate a settlement. ECF No. 112, PageID.8486-87. *See McKnight*, 655 F. Supp. 3d at 668-69 (noting that district courts "have authorized service awards based on class representatives . . . time expended."). The Court also notes that while the *total* service award of $85,000 in this case is higher than in the cases brought to its attention, the *individual* service awards of $5,000 for each Plaintiff resemble the service awards in the cases. *See Daoust*, 2019 WL 2866490, at *5-6 (approving a $5,000 service award for the class representative). Because of the services performed by the Plaintiffs and the fact that the amount awarded to each is typical, the Court finds that even with the service awards, the proposal treats Class Members equitably: it makes awards to each Class Member per the number of Trucks (if multiple) that they purchased, regardless of any other characteristics a Class Member might have. *See* ECF No. 107-2, PageID.8184.

### v.   The Class Notice Satisfied Due Process

The notice to a Rule 23(b)(3) class must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW*, 497 F.3d at 629-30. The Court previously approved the notices, located at ECF No. 107-3, PageID.8217-8220, and ECF No. 107-4, PageID.8222-34, that Plaintiffs proposed be given to Class Members. ECF No. 108, PageID.8311 (the Court's approval). Now, Plaintiffs submit an affidavit stating that the approved notice was issued to 33,581 Class Members. ECF No. 110-1, PageID.8420. That notice involved documents describing the settlement and Class Members' rights being sent to the last known address of each Class Member. ECF No. 110, PageID.8414.

The notice included:

> (1) a description of the Settlement Class; (2) a description of the claims asserted in the action; (3) a description of the Settlement and release of claims; (4) the deadlines for requesting exclusion; (5) the identity of Class Counsel for the Settlement Class; (6) the Final Approval Hearing date; (7) an explanation of eligibility for appearing at the Final Approval Hearing; and (8) the deadline for objecting to the Settlement.

ECF No. 110, PageID.8414. The notice also provided Class Members with access to a website containing more information, and email and telephone contact information for Class Member inquiries. *Id.* The Court finds that

this notice was reasonably calculated to provide Class Members with due process, as required by Rule 23.

## B. The Sixth Circuit Factors, Some Already Addressed

Before the Rule 23(e)(2) factors were added in 2018, courts in the Sixth Circuit evaluated the fairness of class action settlements under factors from *UAW*, 497 F.3d at 631, called "the *UAW* factors." Sixth Circuit courts still evaluate class action settlements under the *UAW* factors. *See McKnight*, 655 F. Supp. 3d at 661. The *UAW* factors are: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent Class Members; and (7) the public interest. *UAW*, 497 F.3d at 631.

These factors overlap with the Rule 23(e)(2) factors. *In re Flint Water Cases*, 571 F. Supp. 3d at 778. The first, second, third, and fourth *UAW* factors have already been addressed in the Court's consideration of the Rule 23(e)(2) factors: arm's length mediation removed the risk of fraud or collusion, a lawsuit would be complex and risky for Plaintiffs without a settlement, and Plaintiffs have engaged in significant discovery to be able to understand that for themselves. This favors settlement, as does the Court's examination of the remaining *UAW* factors.

26

### i.    Class Counsel Opinion Favors Settlement

Courts determining whether to approve a settlement defer to the judgment of experienced and diligent plaintiff's counsel. *See Williams v. Vukovich,* 720 F.2d 909, 922 (6th Cir. 1983). Here, the Court finds that Plaintiffs' counsel are experienced and have prosecuted this case diligently. Their approval of the Settlement Agreement weighs in favor of the Court finding it fair and adequate.

### ii.    Class Member Reaction Favors Settlement

Where few Class Members opt out of or object to a settlement, this suggests the settlement was fair. *In re Flint Water Cases*, 571 F. Supp. 3d. at 783-84 (*citing* 4 Newberg and Rubenstein on Class Actions § 13:58 (5th ed.)). Here, with notice mailed to 33,581 Class Members, there have been only ten requests to opt out and no objections. ECF No. 110, PageID.8411. With almost no negative reaction, the Court has no reason to speculate that the settlement is unfair.

### iii.    The Public Interest Favors Settlement

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Flint Water Cases*, 571 F. Supp. 3d at 784 (internal quotations removed, *quoting In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Thus, the public interest is served by this case being settled.

27

## IV. CONCLUSION

1.     All terms herein shall have the same meaning as defined in the Settlement Agreement.

2.     This Order incorporates and makes part hereof the Settlement Agreement.

3.     The Court certifies the following Settlement Class for purposes of Settlement only:

> All persons and entities who purchased or leased a new 2013, 2014, or 2015 Dodge Ram 2500 or 3500 truck with Cummins Diesel between November 26, 2014, to July 13, 2016, in the following states: Alabama, Colorado, Florida, Georgia, Idaho, Kentucky, Michigan, Mississippi, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Utah, Virginia, and Washington.

Excluded from the Settlement Class are: Cummins and FCA US; any affiliate, parent, or subsidiary of Cummins or FCA US; any entity in which Cummins or FCA US has a controlling interest; any officer, director, or employee of Cummins or FCA US; any successor or assign of Cummins or FCA US; and any judge to whom this Action is assigned, and his or her spouse; individuals and/or entities who validly and timely opt out of the settlement; and current or former owners of Class Vehicles that previously released their claims in an individual settlement with Cummins with respect to the issues raised in the Action.

4.     The Settlement Agreement submitted by the Parties is **FINALLY APPROVED** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

5.     The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement, except for those who have duly and timely excluded themselves. A list of the names of each Settlement Class Member who has filed a timely and proper request for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement was submitted as Exhibit A to the Jarjoura Decl. submitted in support of Plaintiffs' Motion for Final Approval of Class Action Settlement. ECF No. 110-1 at PageID.8424.

6.     The Court hereby appoints the following persons as Settlement Class Representatives: Jeremy Raymo and Forrest Poulson.

7.     The Court hereby appoints Hagens Berman Sobol Shapiro, LLP, The Miller Law Firm, P.C., Seeger Weiss, LLP, and Carella, Byrne, Cecchi, Brody & Agnello, P.C. as Co-Lead Class Counsel.

8.     The Litigation is hereby **DISMISSED WITH PREJUDICE** and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation in this

Litigation and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Litigation.

9.     The Released Claims of all Settlement Class Members are hereby fully, finally, and forever released, discharged, compromised, settled, relinquished, and **DISMISSED WITH PREJUDICE** against all of the Released Parties.

10.     Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, in any manner, any Released Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly and timely excluded themselves.

11.     The Settlement Agreement, Settlement related documents, and/or the Court's approval thereof, does not constitute, and is not to be used or construed as any admission by Defendant or by any Released Party of any allegations, claims, or alleged wrongdoing.

12.     Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding, or dispute arising out of or relating to this Final Order and

Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

13.    The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class, and/or to appear at the final fairness hearing pursuant to the requirements set forth in the Settlement Agreement, Preliminary Approval Order, and Class Notice.

14.    The Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to enter final judgment.

**IT IS SO ORDERED.**

Dated: February 18, 2025    /s/Terrence G. Berg
                                      HON. TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE